**Mitchell H. FUNK, Plaintiff Below, Appellant,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Nov. 7, 1990.

Decided: Jan. 18, 1991.

Rehearing en banc: March 19, 1991.

Decided: April 26, 1991.

the burden will shift to Ogden. *Baylis v. Wilmington Medical Center, Inc.,* 477 A.2d at 1057 (citing Del.Super.Ct.Civ.R. 56(e)).

Harvey Bernard Rubenstein, Wilmington, for appellant.

Kevin R. Slattery, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ.

CHRISTIE, Chief Justice.

Mitchell H. Funk (claimant) has appealed a decision of the Superior Court which upheld the Unemployment Insurance Appeal Board's refusal to consider the substance of his appeal because it was untimely filed. A three justice panel of the Supreme Court issued an order on January 18, 1991 which upheld the Superior Court's decision. Following rehearing *en banc*, that order is now withdrawn and replaced with the following opinion of the Court *en banc*.

Funk was temporarily laid off from his employment at Johnson Controls on February 3, 1989. He became eligible for unemployment benefits as of February 5, 1989. During the week of February 18, 1989, he received approximately $1,100 as a quarterly cost of living adjustment from Johnson Controls, because of which a claims deputy found Funk to be ineligible to receive unemployment benefits for that week. Funk filed a timely appeal of the claims deputy's decision to an appeals referee.

On March 13, 1989 the referee held a hearing concerning the issue of Funk's eligibility to receive benefits for the week of February 18, 1989. The referee affirmed the denial of benefits. His decision was mailed to Funk on April 10, 1989. The decision indicates that it would become final on April 20, 1989, unless Funk filed an

appeal with the Board before that date.[1] The envelope containing the decision was addressed to 2131 Choptank Road, Middletown, Delaware, 19709, which was Funk's correct address. Funk filed a notice of appeal to the Board on April 25, 1989, five days after the referee's decision had become final.

On May 17, 1989 the Board held a hearing on the issue of the timeliness of claimant's appeal. At the hearing, claimant explained that because of an error by a United States Postal Service mail carrier, the referee's decision was misdelivered to his parents' house located on the same road as his own. Claimant said that he did not get the decision until April 24, 1989, and he filed the appeal the next day.

During the hearing, Funk said that he did not know how long the decision had been at his parents' house. He also stated that this occasion was not the first time his mail had been misdelivered to his parents. On May 18, 1989 the Board issued a decision finding that Funk's appeal had not been timely filed and, therefore, the decision of the referee was final. The Board later denied a request for rehearing. The claimant subsequently filed a timely appeal to Superior Court. That court in turn issued a ruling affirming the Board. The claimant then initiated his appeal to this Court.

The record clearly establishes that the administrative appeal taken by the claimant to the Board in this case was not filed within the ten-day limit set by statute for such appeals. 19 *Del.C.* § 3318(c). However, Funk presents three contentions in support of his attempt to avoid the time limit for filing an appeal from a referee's decision. He presented all three of these contentions to Superior Court which found none of them persuasive. We also do not find them persuasive and, therefore, affirm the decision of the Superior Court although our reasoning differs somewhat from that of the Superior Court.

## I.

■ Funk first contends that his appeal was not untimely since he filed it within ten days of his receipt of the referee's decision. The Superior Court correctly interpreted 19 *Del.C.* § 3318(c)[2] as meaning that a party in an unemployment compensation dispute has ten days in which to seek review by the Board of a referee's decision. When notification of the referee's decision is made through the mail, the ten-day period begins to run on the date of mailing unless the mailing fails to reach a party because of some mistake made by employees of the Department of Labor. Claimant's contention that the statutory language of 19 *Del.C.* § 3318(c) is vague has no merit. In the statutory language of 19 *Del.C.* § 3318 and § 3322 the phrases "shall be deemed to be final", "shall be final", and "shall become final" are all used in establishing deadlines for appeals of unemployment insurance decisions. In the context of these Code sections we find the phrases to be stylistic language variations and to have no substantive differences in meaning.

## II.

■ Funk's second contention is that in spite of his late appeal, the Board should have reviewed the decision of the referee on its own motion under the provisions of

---

1. On the cover sheet sent to the claimant with the referee's decision, is stated, after citation to 19 *Del.C.* § 3318: "You are therefore, hereby notified that if an appeal is not made within the ten-day period specified by law, all further right of appeal is lost and the case cannot be reopened."

2. The pertinent portion of § 3318 states:
 *Decision on claim by deputy; notice; appeal.*
 . . . . .
 (c) ... The parties shall be duly notified of the tribunal's decision, together with its rea-

son therefor, which shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated pursuant to § 3320 of this title.
Funk's claim was first reviewed and denied by a claims deputy. Funk made a timely appeal of that decision and the "tribunal" appointed by the Department of Labor to hear his first appeal was a claims referee, as authorized by 19 *Del.C.* § 3319.

19 *Del.C.* § 3320.[3] Section 3320 grants the Board wide discretion over the unemployment insurance benefits appeal process. The scope of review for any court considering an action of the Board is whether the Board abused its discretion. Absent abuse of discretion we must uphold a decision of an administrative tribunal. *D.D. Rappa, Inc. v. Hanson,* Del.Supr., 209 A.2d 163 (1965); *Dept. of Labor v. Medical Placement Services, Inc.,* Del.Super., 457 A.2d 382 (1982), *citing In re Artesian Water Company,* Del.Super., 189 A.2d 435 (1963).

We find there to have been no abuse of discretion in the Board's actions concerning Funk's appeal. In its letter opinion of June 27, 1989, the Board indicated that 19 *Del.C.* § 3320 does grant it the power to take appeals on its own motion, however, the Board also explained the caution it adopts in exercising this power.

> ... in a situation where a party has filed a late appeal from an administrative decision, the Board is extremely cautious in assuming jurisdiction over the matter. It does so only in those cases where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction. Such cases have been few and far between and involved circumstances much more severe than those in this case.

 The Board noted one factor in its reluctance to hear disputes on its own motion after expiration of the statutory appeal period

> ... because of the Court's decision in [*Chrysler Corporation v. Dillon,* Del.

Supr., 327 A.2d 604 (1974)], there is significant doubt as to whether the Board can assume jurisdiction over a matter beyond the point where a lower authority administrative decision has become final.

In the *Dillon* case, this Court held that the Board did not have the power under 19 *Del.C.* § 3320 to consider an appeal *brought by a party* after expiration of the ten-day appeal period allowed by 19 *Del.C.* § 3318(c). The Court did not address the Board's authority to consider a case *on its own motion* beyond the ten-day appeal period, and it specifically noted that it had not reached that issue.

> We do not reach the question of whether the Board may act on its own motion under § 3320 to review a decision of a Referee after the expiration of the ten-day limitation period.

*Dillon,* 327 A.2d at 605. Funk's second contention raises the question of whether the Board could have (and as Funk contends, should have) acted *sua sponte* to consider his case after the ten-day appeal period when no timely appeal had been filed by the parties. We now hold that the Board, in the discretion granted it by 19 *Del.C.* § 3320 does have authority to act *sua sponte* beyond the ten-day appeal period to consider a case where no valid appeal has been filed by the parties, if, as the Board noted, the situation "... involved circumstances much more severe than those in this case." We agree with the Board and Superior Court that the circumstances of this case did not call for the unusual action of the Board taking an appeal upon its own motion. The Board had discretion in this matter, and under the circumstances it did not abuse its discretion

---

**3.** 19 *Del.C.* § 3320 states:

*Review.*

The Unemployment Insurance Appeal Board may on its own motion affirm, modify or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case or direct the taking of additional evidence or may permit any of the parties to such decision to initiate further appeal before it. The Department shall permit such further appeal by any of the parties interested in a decision of an appeal tribunal which is not unanimous and by the deputy whose decision has been overruled or modified by an appeal tribunal. The Umemployment Insurance Appeal Board may remove to itself or transfer to another appeal tribunal the proceedings on any claim pending before an appeal tribunal. Any proceedings so removed to the Unemployment Insurance Appeal Board shall be heard by a quorum thereof in accordance with the requirements of subsection (c) of § 3318 of this title. The Unemployment Insurance Appeal Board shall promptly notify the interested parties of its findings and decision.

by refusing to consider the case *sua sponte.*

## III.

■ Funk also contends that the Board's strict application of the time limit in 19 *Del.C.* § 3318(c) and its refusal to exercise its authority under 19 *Del.C.* § 3320 to consider his appeal *sua sponte* have deprived him of due process of law under the Fourteenth Amendment of the United States Constitution and under Article I, Section 7 of the Delaware Constitution. He contends that the time limit imposed by § 3318(c) does not provide adequate notice of a referee's decision and that it does not provide adequate opportunity for appeal. The Superior Court found that the facts do not support these contentions. Our review of the record leads us to the same conclusion. Claimant has not established that he was free from fault in his failure to receive notice of the referee's decision within the ten-day appeal period. Funk admitted in his testimony before the Board that his mail had been misdelivered in the past to his parents' address and that such misdelivery was a common event.[4] It is reasonable to expect that a claimant awaiting an important decision from an appeal tribunal would regularly check the locations at which he receives mail. There is no indication in the record that Funk ever complained to the U.S. Postal Service or made any other attempt to remedy the misdelivery of his mail.

We are of the opinion that a statutory ten-day time limit for filing an administrative appeal is reasonable. Its application in this case where the claimant had notice through prior experience of the possible misdelivery of his mail and where the misdelivery was made through no fault of the Department of Labor did not violate the claimant's rights.

For the foregoing reasons the judgment of the Superior Court is AFFIRMED.

---

**4.** At the May 17, 1989 hearing before the Board, Funk stated that his mail is at his parents' house "all the time," and that he therefore had no idea how long the referee's decision had been there before he retrieved it.