IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY


Gina R. Rishel,                          :
            Appellant,                    :         C.A. No: S15A-03-001 (RFS)
                                          :
      v.                                  :
                                          :
Milford Hospitality,                      :
            Appellee,                     :
                                          :
      and                                 :
                                          :
Unemployment Insurance Appeal             :
Board,                                    :
            Appellee.                     :


## *MEMORANDUM OPINION*

Upon Appellants Appeal from Unemployment Insurance Appeal Board. **Affirmed.**

Date Submitted: July 7, 2015

Date Decided: August 5, 2015


Gina R. Rishel, P.O. Box 234 Newcomb, MD 21683, Appellant


Paige J. Schmittinger, Esq., Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for Appellee


Victoria W. Counihan, Esq., Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for Appellee


STOKES, J.

Appellant Gina R. Rishel ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board (the "Board") which dismissed Appellant's appeal of the Benefit Payment Control Unit's decision as untimely filed. For the reasons explained below, the decision of the Board is **AFFIRMED**.

## Factual and Procedural History

The record reflects Appellant worked as the director of sales for Milford Hospitality, LLC ("Employer") for two and a half years. On August 20, 2014, Appellant was handed a letter of termination by her immediate supervisor. According to the letter, Appellant did not show up to work on August 23, August 24, or August 25 as Employer's new management expected her to. Appellant was then discharged by Employer's new management for failure to report to work.

On August 24, 2014, Appellant filed a claim for unemployment benefits. A Claims Deputy determined that Appellant was discharged by Employer without just cause under 19 *Del. C.* §3314(2) and was entitled to the receipt of unemployment benefits. A Notice of Monetary Determination was sent to Appellant to inform her of her benefits rights and responsibility to repay any overpayment that might be made to her. Employer filed a timely appeal on September 16, 2014, and a hearing was held on October 6, 2014. The Appeals

Referee (the "Referee") heard the testimony of Dave Douglas, acting as Employer's representative, Hank Hancher, Employer's witness, and Appellant. In a decision mailed on October 13, 2014, the Referee affirmed the decision of the Claims Deputy.

On November 20, 2014, a hearing was held by a Referee to determine whether services performed by Appellant as a real estate agent performed for remuneration solely by way of commissions constituted covered employment under 19 *Del. C.* §3302(11)(H)[1] and thus disqualified her for benefits. In an initial decision mailed November 24, 2014, the Referee found that services performed as an estate agent by Appellant were not considered to be employment as defined under the section.

This determination was appealed on November 25, 2014 and a hearing was held by Referee on December 18, 2014 in order to determine whether Appellant was an unemployed individual and eligible for benefits under 19 *Del. C.* §3302(17).[2] The Referee found that Appellant holds a real estate license in

---

[1] Under 19 *Del. C.* §3302(11)(H):
> Employment does not include…Service performed by an individual for an employer as an insurance agent or real estate agent, or as an insurance solicitor or real estate solicitor, if all such service performed by such individual for such employer is performed for remuneration solely by way of commissions.

[2] Under 19 *Del. C.* §3302(17):
> "Unemployment" exists and an individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages are payable to the

Maryland and was affiliated with Exit Latham Realty. In an initial decision mailed December 18, 2014, the Referee found that Appellant did not meet the statutory definition of an unemployed individual and was thus ineligible for the receipt of unemployment benefits.

Thereafter, the Department of Labor mailed a Notice of Determination on January 13, 2015 to Appellant's address of record at the time, informing Appellant that an overpayment of benefits in the amount of $1,813.00 for 7 weeks had been established. The Claims Deputy instructed Appellant that the determination would become final on January 23, 2015 absent an appeal by Appellant. Appellant filed an appeal on January 28, 2015. On January 29, 2015, the Benefit Payment Control Unit found that the decision of the Claims Deputy was final and binding due to Appellant's failure to timely appeal, but that an appeal may be filed solely to consider the issue of timeliness.

A hearing by Referee on the issue of timeliness was held on February 16, 2015. The only testimony considered was on the issue of Appellant's timeliness of appeal under 19 *Del. C.* § 3318(b).[3] Appellant argued that she did not receive the

individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount. The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedure as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-term work as the Department deems necessary.

[3] Under 19 *Del. C.* §3318(b):

decision in the mail until January 27, 2015 as her post office is a small one person office that does not always place mail in P.O. boxes when it should. She further argued that appealing by January 23 was thus impossible. In a decision mailed February 16, 2015, the Referee found there was no evidence to indicate the determination was returned as undeliverable and no substantiating documentation was presented to indicate there had been a delay in the mailing of the decision. Accordingly, the Referee found Appellant's appeal not timely and affirmed the decision of the Benefit Payment Control Unit. The Referee said that as such, the determination of the Claims Deputy was considered final and binding.

Appellant timely appealed the Referee's decision to the Board and a review hearing was held on March 4, 2015. The Board found no error in the Referee's decision. As such, the Board denied the Appellant's application for further review and affirmed the decision below and determined that Appellant's appeal was untimely filed through no fault of Department of Labor personnel and was thus not reviewable. The Board's decision was mailed to Appellant accompanied by a notice of the right to appeal to this Court pursuant to 19 *Del. C.* § 3323. This decision became final on March 23, 2015.

---

Unless a claimant or a last employer who has submitted and completed separation notice in accordance with §3317 of this title files an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the last known addresses of the claimant and the last employer, the Claims Deputy's determination shall be final and benefits shall be paid or denied in accordance therewith.

On March 20, 2015, this Court received a letter from Appellant stating that she was appealing the decision of the Board. In her letter, Appellant argued that she was still unemployed and that, while she has had a Maryland real estate license for over 25 years, she has no employer. On March 25, 2015 Appellant untimely filed paperwork relating to the appeal. Appellant stated there should be no overpayment and she should be eligible for benefits as her real estate work for commission did not fall under the definition of "employment" as set forth by 19 *Del. C.* §3302(11)(H).

### Standard of Review

When this Court reviews a procedural decision of the Board, the Court must consider whether the Board abused its discretion in rendering its decision.[4] A procedural decision by an administrative agency is not an abuse of discretion "unless it is based on clearly unreasonable or capricious grounds" or the Board decision exceeds the bounds of reason in view of the circumstances and ignored recognized rules of law or practice so as to produce injustice."[5] Absent an abuse of discretion, the Court must affirm the Board's judgment if it did not otherwise commit an error of law.[6]

---

[4] *Wilson v. Franciscan Care Center*, 2006 WL 1134779, at *1 (Del. Super. Feb. 15, 2006) (citing *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991)).
[5] *K-Mart, Inc. v. Bowles*, 1995 WL 269872, at *2 (Del. Super. Jan. 26, 1995).
[6] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del.1991).

**Discussion**

The Board did not err in dismissing Appellant's appeal as untimely. Pursuant to 19 *Del. C.* §3318(b), an appeal must be submitted within 10 calendar days after a Claims Deputy's determination after such Claims Deputy's determination was mailed to the last known address of the claimant and the last employer.[7] Failing in this, the Deputy's decision shall become final and benefits shall be paid or denied in accordance therewith.[8] The time for filing an appeal is an express statutory condition of jurisdiction that is both mandatory and dispositive.[9] The 10 day period in which to file an appeal begins to run on the date of mailing unless the mailing fails to reach the recipient due to a mistake made by the Claims Deputy.[10] Under Delaware law, it is presumed that a mailing with the proper address and postage has been received by the intended claimant.[11]

The Board is generally unable to accept jurisdiction over appeals that are not timely filed.[12] Pursuant to 19 *Del. C.* § 3320(a), the Board may on its own motion "affirm, modify, or reverse any decision of an appeal tribunal on the basis of the

---

[7] 19 *Del. C.* § 3318(b) provides: "[u]nless a claimant…files an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the last known address of the claimant and the last employer, the Claim's Deputy's determination shall be final…"

[8] *Id.*

[9] *Duncan v. Delaware Dep't of Labor*, 2002 WL 32260324, at *1 (Del. Super. September 10, 2002).

[10] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2013).

[11] *Id.*

[12] *Id.*

evidence previously submitted to the appeal tribunal." In *Funk v. UIAB*, the Supreme Court held that the UIAB did not abuse its discretion in refusing to exercise its ability to consider an untimely appeal *sua sponte*.[13] It is the position of both the UIAB and this Court that without an error by the UIAB, the assertion that a claimant did not receive the decision in time to file an appeal is not a sufficient reason for the UIAB to assert jurisdiction over an untimely appeal.[14]

In this case, the Appeal's Referee held a hearing on the issue of Appellant's timeliness of appeal. In the hearing it was determined that notice of determination was rendered and mailed to Appellant's address of record and there was no evidence that the determination was returned as undeliverable by the US Postal Service. Appellant did not allege administrative error on the part of Department of Labor and instead argued that the fault lay with her post office. Appellant asserted no further reason the UIAB should assert jurisdiction over her claim despite her untimely filing. The UIAB upheld the decision of the Department that the appeal was untimely filed and thus not reviewable. As no error was committed by

---

[13] 592 A.2d 222 (Del.1991).

[14] *Id* at 225 (allowing for a departure from the 10 day rule for circumstances more severe than a failure to receive the decision); *see also, Bowers v. UIAB*, 1998 WL 283401 (Del. Super. Jan. 12, 1998); *Lively*, 2003 WL 21213415.

Department of Labor personnel in mailing the decision, the Board committed no error in denying the application for further review.[15]

## Conclusion

This Court finds that the Board did not abuse its discretion when it affirmed the determination of the Department as Appellant's appeal was not timely filed pursuant to 19 *Del. C.* § 3318(b). This Court also finds that the Board did not abuse its discretion in declining to act *sua sponte* pursuant to 19 *Del. C.* § 3320 to consider the substance of the appeal as no showing of severe circumstances was made. Accordingly, the decision of the Board dismissing Appellant's case is **AFFIRMED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Richard F. Stokes*

_____

Richard F. Stokes, Judge

cc: Prothonotary

---

[15] *Id*.