## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHERELL SMOTHERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. N16A-08-004 AML |
| | ) | |
| DELAWARE TRANSIT | ) | |
| CORPORATION and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: February 14, 2017
Decided: May 1, 2017

## ORDER

**On appeal from the Unemployment Insurance Appeal Board: AFFIRMED**

1. This is an appeal from a denial by the Unemployment Insurance Appeal Board (the "Board") of an untimely appeal. The Board's decision effectively ended further review of the claimant's eligibility for unemployment benefits. The claimant argues, as she did to the Board, that she did not timely receive the notice denying her unemployment benefits due to some difficulties she had experienced receiving her mail since moving to a new home. The question is whether the Board abused its discretion in denying the appeal as untimely. For the reasons that follow, I conclude it did not.

2. On April 29, 2016, Sherell Smothers was discharged from her employment with Delaware Transit Corporation ("DART"). She filed for unemployment benefits on May 15, 2016. On June 14, 2016, a claims deputy issued a determination, finding DART discharged Smothers for just cause and therefore she was disqualified from receiving unemployment benefits.[1] That determination became final and no longer was appealable on June 24, 2016.[2] Smothers appealed the claims deputy's decision on June 30, 2016.[3]

3. On July 19, 2016, an appeals referee held a hearing to address only the issue of timeliness.[4] Tiffany Dzwonkowski represented the Department of Labor (the "Department") at the hearing.[5] Ms. Dzwonkowski testified that the June 14, 2016 determination was mailed to Smothers' last address of record: 1009 Sandberg Place, Newark, Delaware, 19702.[6] She further testified that Smothers filed an appeal on June 30, 2016, at which time she also filed her change of address with the Department.[7] Smothers testified that she moved on May 20, 2016.[8] She testified she continued to use her old address because it was the "one on [her] ID"

---

[1] R. at 35-36.
[2] *Id.* at 35.
[3] *Id.* at 40.
[4] *Id.* at 13, 21.
[5] *Id.* at 23.
[6] *Id.* at 25.
[7] *Id.* at 26.
[8] *Id.* at 28.

and she assumed she had to use it.[9] Smothers also testified she forwarded her mail to her new address but did not inform the Department of her address change because she was not aware that certain agency mail would not be forwarded.[10]

4.    On July 19, 2016, the appeals referee issued a decision, concluding Smothers appealed the determination after it had become final and binding.[11] The appeals referee found: (1) there was no evidence that the post office returned the claims deputy's determination as undeliverable; and (2) Smothers' failure to file a timely appeal was not due to Departmental error, but rather was attributable to Smothers' failure to inform the Department of her new address.[12] The appeals referee affirmed the claims deputy's determination that Smothers' appeal was untimely.[13]

5.    On July 22, 2016, Smothers appealed the referee's decision to the Board, arguing:

> I Sherell Smothers do not agree with the decision of the referee handling my unemployment late appeal case. I would like another fair hearing considering the fact that I was not aware [that] government documents cannot be forwarded. However I did file an appeal as soon as I was made aware of the decision. Also at the time of filing I

---

[9] *Id.* at 29.
[10] *Id.*
[11] *Id.* at 33.
[12] *Id.*
[13] *Id.* The appeal referee's decision states: "There was no evidence that the **appeal** was returned as undeliverable." The reference to "appeal" is a typo, which should instead say "determination."

3

was staying in a hotel and still using my recent address. I would provide proof of that in upcoming hearing.[14]

6.    On August 2, 2016 upon review of the record, the Board found no error in the appeals referee's determination, adopted the appeals referee's decision as its own, and denied Smothers' application for further review.[15] Smothers timely appealed the Board's decision to this Court.

7.    Smothers appeals the Board's decision on the following grounds: when she moved after applying for unemployment benefits, she continued to use her old address based on the assumption that "when [she] put [her] mail on hold[, she would] receive it and or [] it would be forwarded;" she did not have transportation to the Department to put in a change of address sooner; and part of the reason she did not receive her forwarded mail is because a neighbor was blocking her mailbox.[16] Smothers further argues that she was not prepared at the hearing before the appeals referee to explain the timeliness of her appeal because she believed the hearing would address the merits of her unemployment benefits claim.[17] Smothers maintains that "DART lied in this matter and [she] deserve[s] the right to a fair hearing in [her] defense."[18]

---

[14] *Id.* at 44.
[15] *Id.* at 47.
[16] *Id.* at 53.
[17] *Id.*
[18] *Id.*

4

8. In response, the Board argues: "[T]here is substantial evidence in the record sufficient to support its findings, and such findings are free from legal error. The Board did not abuse its discretion, nor did it act in an arbitrary or capricious manner in affirming the Appeals Referee's decision and denying further appeal."[19] DART joined the Board's submission and requests that this Court affirm the Board's decision.[20]

9. This Court's review of the Board's decision is limited to whether the Board's findings were supported by substantial evidence and whether the decision is free from legal error.[21] The Court will not weigh evidence, determine questions of credibility, or make its own factual findings and conclusions.[22] As to discretionary matters, the Board's decision must be affirmed absent an abuse of discretion.[23] The Board abuses its discretion when it "acts arbitrarily or capriciously" or "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[24]

---

[19] Board's Resp. Br. 2.
[20] D.I. 11.
[21] *See Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011); *Deysher v. Unemployment Ins. Appeal Bd.*, 2011 WL 7063475, at *1 (Del. Super. Sept. 28, 2011) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)) (defining substantial evidence as "evidence from which the Board could fairly and reasonably reach its conclusion").
[22] *Thompson*, 25 A.3d at 782.
[23] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[24] *PAL of Wilm. v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 28, 2000) (internal citations omitted).

10. This appeal is limited to the timeliness issue. Smothers' substantive claims – for example, whether DART lied about why she was terminated – are not in the record and cannot be addressed.[25] The Court, therefore, only is considering whether the Board abused its discretion by refusing to hear Smothers' untimely appeal.

11. The law is well-settled regarding the time period to appeal a claim of this nature. A claims deputy's decision is final ten calendar days after it is mailed,[26] "unless the mailing fails to reach a party because of some mistake made by [Department] employees."[27] Delaware law assumes that mail correctly addressed with proper postage was delivered and received.[28] This Court repeatedly has affirmed the Board's denial of untimely appeals where the claimant failed to update her address, even where the mailing was returned to the Department.[29]

12. Smothers does not dispute that she received the claims deputy's determination. The determination, which was dated and mailed June 14, 2016,

[25] *See Cassidy v. Liberty Staffing*, 2011 WL 7452778, at *1 (Del. Super. Oct. 25, 2011).
[26] 19 *Del. C.* § 3318(c).
[27] *Funk*, 591 A.2d at 224.
[28] *Crawford v. Park Plaza Condo. Assoc.*, 1994 WL 380305 (Del. Super. 1994); *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *1 (Del. Super. Apr. 27, 2001).
[29] *Fennel v. Unemployment Ins. Appeal Bd.*, 2014 WL 4417574, at *2 (Del. Super. Aug. 27, 2014); *see also Venturini v. Unemployment Ins. Appeal Bd.*, 2011 WL 3585606 (Del. Super. Aug. 15, 2011) (affirming the Board's decision denying the claimant's appeal as untimely even though the returned mailing included the claimant's new address and the Department did not re-mail the decision because (1) the claimant only forwarded her mail to her new address, she did not change her address with the Department, and (2) the Department may not change a claimant's address without the claimant's authorization).

became final on June 24, 2016.[30] Smothers filed her appeal on June 30, 2016, six days late.

13. Smothers argues, however, that her appeal was late because she was not aware that the determination would not be forwarded to her new address, and, even if it was, other extenuating circumstances prevented her from receiving it in a timely manner and therefore the Board should have accepted her appeal. Whether Smothers' circumstances excuse her delay in filing the appeal turns on the facts determined by the appeals referee and the Board.[31] In addition, while the Board may hear an untimely appeal *sua sponte*, it has broad discretion in choosing whether to do so.[32] Based on the record before it, the Board did not find that Smothers' circumstances excused her filing a timely appeal.[33]

14. The record here provides substantial evidence supporting the Board's findings that Smothers' failure to file her appeal timely was not attributable to the Department. Furthermore, I cannot say the Board abused its discretion by refusing to consider Smothers' untimely appeal.

---

[30] R. at 28, 31, 32, 35-37.

[31] *See Friedman v. Unemployment Ins. Appeal Bd.*, 1996 WL 453357 (Del. Super. July 31, 1996); *Jones v. Unemployment Ins. Appeal Bd.*, 2014 WL 8059634 (Del. Super. Sept. 12, 2014).

[32] 19 *Del. C.* § 3320; *Funk*, 591 A.2d at 225.

[33] *See Funk*, 591 A.2d at 224 (citing the Board's explanation regarding the caution it takes when exercising its *sua sponte* power: "[I]n a situation where a party has filed a late appeal from an administrative decision, the Board is extremely cautious in assuming jurisdiction over the matter. It does so only in those cases where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction. Such cases have been few and far between and involved circumstances much more severe than those in this case.").

For the foregoing reasons, the Unemployment Insurance Appeal Board's

August 2, 2016 decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Paige J. Schmittinger, Deputy Attorney General
       Victoria W. Counihan, Deputy Attorney General
       Carla A.K. Jarosz, Deputy Attorney General
       Aleine M. Porterfield, Deputy Attorney General
       Ms. Sherell Smothers, *pro se* (via First Class Mail)