# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHAI DARIEN,              :
                           :

         Appellant,      :       K16A-12-001 JJC
                           :       In and For Kent County

           v.            :
                           :

UNEMPLOYMENT INSURANCE   :
APPEALS BOARD & BARCLAY    :
BANK DELAWARE,            :
                           :

         Appellees.      :
                           :

## ORDER

Submitted:  May 4, 2017
Decided: June 22, 2017

On this 22nd day of June 2017, having considered the briefing and arguments of the parties, it appears that:

1. Appellant/Claimant Chai Darien (hereinafter "Ms. Darien") has appealed a decision of the Unemployment Insurance Appeals Board (hereinafter the "Board"), which denied Ms. Darien's application for review.

2. This matter was initiated on September 16, 2016, when a Claims Deputy disqualified Ms. Darien from receiving unemployment benefits. The Claims Deputy found that Ms. Darien voluntarily quit her job without good cause and was therefore disqualified from unemployment.[1] Ms. Darien then appealed to an Appeals Referee, who, after a hearing, also determined Ms. Darien was

---

[1] 19 *Del. C.* § 3314(1) ("An individual shall be disqualified for benefits . . . [f]or the week in which the individual left work voluntarily without good cause attributable to such work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks.").

disqualified from receiving unemployment. Notice of the decision was mailed to Ms. Darien on October 12, 2016. Referee decisions are considered final unless appealed within ten days.[2] Ms. Darien subsequently filed her appeal to the Board seven days after the expiration of the appeal deadline, explaining that she had not received the Referee's decision letter in the mail.

3.    The Board conducted a review hearing to determine if they would hear Ms. Darien's appeal. Although the time for appeal had passed, the Board has discretion, *sua sponte*, to accept untimely appeals in certain extraordinary circumstances.[3] The Board first determined that the appeal was untimely and, second, declined to exercise its discretion to consider the appeal *sua sponte*. The Board found there to be no explanation for Ms. Darien's untimely appeal or justification for why the Board should exercise its discretion to hear the appeal. Consequently, the Board denied Ms. Darien's application for further review and affirmed the decision of the Referee as final and binding. This decision in turn became final on December 23, 2016. Ms. Darien then filed a timely appeal to this Court, arguing that the decision to disqualify her from unemployment was wrong because the evidence indicates that she did not voluntarily quit.

4.    In reviewing an appeal from an administrative board's final order, this Court is confined to a "determination of whether the Board's decision is free from legal error and supported by substantial evidence."[4] If the Board's decision is free from legal error and supported by substantial evidence, its "decision will be affirmed, unless the Board committed an abuse of discretion."[5] "An abuse of

---

[2] 19 *Del. C.* § 3318(c).

[3] *Id.* § 3320; *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 226 (Del. 1991).

[4] *Hockensmith v. Unemployment Ins. Appeal Bd.*, 2016 WL 2620642, at *2 (Del. Super. Ct. Mar. 11, 2016).

[5] *Id.*

2

discretion occurs when the Board 'acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'"[6]

5. While the Court is sympathetic to Ms. Darien's difficulties, it is clear from her argument that she incorrectly seeks to have this Court review the Referee's decision to disqualify her from unemployment benefits rather than review the Board's decision not to consider her appeal. The appeal to this Court is limited to review of the Board's consideration of Ms. Darien's untimely appeal, and additionally the Board's exercise of discretion in declining to hear Ms. Darien's appeal.[7]

6. It is clear that the Board declined to consider Ms. Darien's appeal because it was untimely. This determination was correct.[8] Ms. Darien does not contest the timeliness of the appeal. In fact, she herself informed this Court that she "was unable to file a timely appeal" and explained that this was "due to [her] not receiving [her] mail in time." If accepted as true, a claimant's failure to receive the Referee's decision will not excuse a claimant's late appeal "unless the mailing fails to reach a party because of some mistake made by employees of the Department of Labor."[9] Ms. Darien makes no showing of a mistake on the part of the Department of Labor. Indeed, the mailing appears to have been properly sent and the Board noted in its decision that "the Referee's Decision was mailed to the Claimant's address of record and was not returned as undeliverable by the US

---

[6] *Id.* (citing *PAL of Wilm. v. Graham*, 2008 WL 2582986, at *1 (Del. Super. Ct. June 18, 2008)).

[7] *Funk*, 591 A.2d at 225 (recognizing that "[t]he scope of review for any court considering an action of the Board is whether the Board abused its discretion.").

[8] 19 *Del. C.* § 3318(c).

[9] *Funk*, 591 A.2d at 224; *Rodney Sq. Bldg. Restorations, Inc. v. Noel*, 2008 WL 2943376, at *4 (Del. Super. Ct. July 22, 2008).

Postal Service." This Court must presume that, in the absence of evidence to the contrary, Ms. Darien received properly addressed mail despite her claims to the contrary.[10] More importantly, it was not an abuse of the Board's discretion to so find.

7. Finally, the Court must review whether the Board abused its discretion in failing to *sua sponte* hear the appeal despite its untimeliness. The Board's *sua sponte* discretion to hear an untimely appeal is "exercised rarely and only in cases where there has been administrative error by the Department of Labor that has deprived the claimant of the ability to file a timely appeal or where the interests of justice would be served."[11] It is well recognized that when the Board refuses to exercise its discretion to consider an untimely appeal *sua sponte*, and the claimant has presented no extraordinary circumstances or error on the part of the Department of Labor, the Board does not abuse its discretion in declining to hear such an appeal.[12] The Court finds that Ms. Darien has not shown any extraordinary circumstances or error on the part of the Department of Labor and therefore concludes that the Board did not abuse its discretion.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[10] *Cassello v. News Journal Co.,* 2010 WL 5825342, at *3 (Del. Super. Ct. Dec. 29, 2010) (citing *Lively v. Dover Wipes Co.,* 2003 WL 21213415, at *1 (Del. Super. Ct. May 16, 2016)).

[11] *Han v. Unemployment Ins. Appeal Bd.*, 93 A.3d 653, 2014 WL 2650234 at *2 (Del. Jun. 11, 2014) (Table).

[12] *Id.*; *Funk*, 591 A.2d at 225; *Pacheco v. Unemployment Ins. Appeal Bd.*, 2013 WL 6039424, at *2 (Del. Super. Ct. Oct. 21, 2013); *Cassello*, 2010 WL 5825342, at *4.