# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SANDRA BARRY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDYWINE AT SEASIDE POINTE | ) | |
| | ) | C.A. No. S23A-06-004 MHC |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Submitted: September 12, 2023
Decided: October 11, 2023

*On the Decision of the Unemployment Insurance Appeals Board*, **AFFIRMED**.

Sandra Berry, *Pro Se Appellant*.

Matthew B. Frawley, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French St., 6th Floor, Wilmington, Delaware, 19801, *Attorney for Appellee Unemployment Insurance Appeal Board*.

**Conner, J.**

This 11th day of October 2023, upon consideration of the appeal of Sandra Barry ("Barry") from the June 2nd, 2023, decision of the Unemployment Insurance Appeal Board (the "Board"), it appears to the Court that:

## Factual and Procedural History

1)  From April 13th, 2022, until December 13th, 2022, Brandywine at Seaside Pointe employed Sandra Barry as an Escapades Producer.

2)  On January 1st, 2023, Barry filed a claim for Unemployment Insurance.

3)  On January 17th, 2023, the Department of Labor ("Department") notified Barry that a Claims Deputy had determined she was ineligible for benefits for failing to provide requested information. This notice informed Barry she had until January 27th to file a written appeal of the decision.

4)  On February 16th, 2023, Barry emailed the Department appealing the January 17th decision by the Claims Deputy. In that email, Barry notified the Department that she would be "out of the country from February 21st to February 27th."

5)  On February 17th, 2023, a Claims Deputy denied Barry's February 16th appeal for being untimely pursuant to 19 *Del. C.* § 3318(b). That same day a certified copy of the Claims Deputy's decision denying the appeal was mailed First Class to Barry.

2

6) On February 21st, 2023, the Department received an appeal from Barry of the Claims Deputy's February 17th decision.

7) On February 23rd, 2023, the Department notified Barry, via mail, that on March 8th a telephonic referee hearing would be held and would require her to call to participate. Barry was out of the country until February 27th and had her mail on hold.

8) On March 8th, 2023, the Department held the scheduled telephonic referee hearings. Barry failed to call into the hearing and the Referee dismissed her appeal. Barry called the Department a few hours after the time scheduled for her hearing. She was told she would need to appeal again. That same day the Department mailed Barry a copy of the Referee's decision to dismiss for her failure to appear. That mailing was sent first class and was certified. Importantly, it stated that the last day Barry could appeal the Referee's decision was March 18th, 2023. Appellant does not contest that she received this notice.

9) On March 28th, 2023, Appellant appealed the Referee's March 8th decision.

10) On June 2nd, 2023, the Board denied Appellants March 28th appeal for being untimely pursuant to 19 *Del. C.* § 3318(c). That same day the Board mailed first class a certified copy of its June 2nd Decision to appellant. That mailing included

the Decision and language stating it would become final unless an appeal was filed before June 12th, 2023.

11) On June 22nd, 2023, Barry filed an appeal to this Court of the Board's June 2nd decision denying her March 28th appeal for being untimely.[1]

## Standard of Review

12) The Court's appellate review is limited to determining whether the Board's findings and conclusions are supported by substantial evidence and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] Discretionary decisions of the Board will be upheld unless the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[4] The Court may not weigh evidence, decide questions of credibility or engage in fact-finding upon review of the Board's decision.[5]

---

[1] In Appellant's June 22nd appeal to Superior Court, she incorrectly dates the Board's June 2nd decision as June 12th. Pursuant to 19 *Del.C.*3323(a) Barry has 10 days from the date the Board's decision becomes final to appeal it to Superior Court. The Board's decision was rendered and mailed on June 2nd, became final on June 12th, and Appellant's appeal was filed on June 22nd.

[2] *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871, at *2 (Del. Super.).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[4] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super.).

[5] *Toribio*, 2009 WL 153871, at *2.

## Analysis

13) Pursuant to 19 *Del. C.* § 3318(b), if an appeal of a Claims Deputy's decision is not filed within 10 days from the date it is mailed the decision becomes binding. The Department mailed Barry the Claims Deputy's decision on January 17th, meaning she had until January 27th to file a timely appeal. Barry emailed the Department her appeal of the Claims Deputy's decision on February 16th, therefore that appeal was untimely.

14) Barry's February 21st appeal of the Claims Deputy's February 16th decision was filed within 10 days and is therefore timely.

15) Pursuant to 19 *Del. C.* § 3318(c), if an appeal of a Referee's decision is not filed within 10 days from the date it is mailed the decision becomes binding. On March 8th, the Department, via certified first-class mail, mailed Barry informing her that her appeal was dismissed and that she had until March 18th to file a timely appeal to the Board. Barry did not appeal until March 28th; therefore, that appeal was untimely.

16) After reviewing all of the available evidence and the record below, the Board exercised its discretion, pursuant to 19 *Del. C.* § 3320(a), to not hear Barry's appeal.[6] By her own admission Barry was aware on March 8th that she had missed

---

[6] 19 *Del. C.* § 3320(a) gives the Board the discretion to "affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal. . ..".

the Referee Hearing and needed to appeal again. Additionally, the certified first-class mail sent to Berry on March 8th informed her that she had until March 18th to file an appeal, despite this she waited until March 28th to file the appeal.

17) The Board's discretionary decision to decline further review of the appeal did not exceed the bounds of reason or produce an injustice. The Board has previously explained why it avoids exercising power over late appeals stating:

> in a situation where a party has filed a late appeal from an administrative decision, the Board is extremely cautious in assuming jurisdiction over the matter. It does so only in those cases where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction. Such cases have been few and far between . . ."[7]

The Board did not deny Barry's current appeal because she was out of the country or because she missed her March 8th telephonic hearing. Rather, they denied it because after missing her March 8th hearing she failed to file a timely appeal as required by 19 *Del. C.* § 3318(c). No facts have been presented that would suggest an administrative error by the Department caused her March 28th appeal to be 10 days late. Likewise, no facts have been presented that would suggest that the

---

[7] *Funk v. Unemployment Insurance Appeal Board*, 591 A.2d 222, 225 (Del. 1991).

interests of justice would not be served absent the Board's allowing an untimely appeal to be filed pursuant to 19 *Del. C.* § 3320.

## Conclusion

The Court finds that the Board did not abuse its discretion when it affirmed the Referee's March 8th decision and denied further review of the appeal. There was no evidence in the record that Appellant lacked notice of the Referee's decision including the appropriate timeframe to appeal. The Court also concludes that the Board's discretionary decision to deny further review was supported by substantial evidence and free from legal error. Accordingly, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary