**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| SHIRLEY FEIGE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-05-002 KMV |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: December 12, 2024
Decided:  April 7, 2025

**<u>ORDER</u>**

*Upon Appeal from a Decision of the
Unemployment Insurance Appeal Board*:
**AFFIRMED**

Shirley Feige; *Pro Se Appellant*.

Matthew B. Frawley, Deputy Attorney General; *Counsel for Appellee*.

**VAVALA, J.**

An unemployment benefits claimant appealed the Unemployment Insurance Appeal Board's decision to deny her appeal because it was not filed by the statutory deadline. The claimant asks this Court to award her unemployment benefits based on the merits of her claim. The Court concludes the Board did not abuse its discretion by denying the claimant's untimely appeal; accordingly, the Board's decision is **AFFIRMED**.

## BACKGROUND

In April 2022, Shirley Feige filed a claim for unemployment benefits with the Department of Labor Division of Unemployment Insurance (the "Department").[1] In May 2022, Claims Deputy J.J. Lang (the "Claims Deputy") determined Ms. Feige was disqualified from receiving benefits because her employer had "just cause" to discharge her for "miss[ing] too much time off."[2] That same day, the Claims Deputy mailed notice of the decision to Ms. Feige at her address of record: 5531 Limeric Circle, Apt. 25, Wilmington, DE 19808 (the "Limeric Address").[3] That notice advised the Claims Deputy's decision would be final on May 26, 2022 (the "First Deadline") unless Ms. Feige filed a written appeal by that date.[4]

---

[1] *See* Docket Item ["D.I."] 4, Record of Unemployment Insurance Appeal Board (No. 17104552) ["R."] at 29 (Decision of Claims Deputy dated May 16, 2022).

[2] *Id.*

[3] *Id.*

[4] The section "Claimant and Employer Appeal Rights" states, "This determination becomes final on 5/26/22 unless a written appeal is filed. Your appeal must be received or postmarked on or before the date indicated." *Id.* (emphasis removed).

2

Ms. Feige did not do so until June 22, 2022—almost a month after the First Deadline had passed.[5] In response, the Department issued an automatic email reply to Ms. Feige's email account: worknlaugh@gmail.com.[6] The automatic reply stated, "Appeals must include the case number, the appellant's full name and address as well as a phone number where you can be reached. . . . A hearing notice will be sent through US mail once the hearing is scheduled."[7] Two days later, Ms. Feige replied, via the same email, explaining she had "NOT received the information yet."[8]

By decision dated July 15, 2022, Senior Claims Deputy Tashema Patton (the "Senior Claims Deputy") denied Ms. Feige's appeal as untimely.[9] Specifically, the Senior Claims Deputy noted several issues: the Claims Deputy's decision was mailed to Ms. Feige at her Limeric Address on May 16; the decision was not returned; the decision became "final and binding" on May 26; and an appeal was not taken until June 22.[10] The Senior Claims Deputy certified she mailed her decision to Ms. Feige's Limeric Address, advising any further appeal would be limited to

---

[5] *Id.* at 31–32. *See* 19 *Del. C.* § 3318(b) (2022) (requiring appeals of decisions by a Claims Deputy be filed within 10 days of mailing). The statute was amended in 2023.

[6] *Id.* at 31 (emphasis removed).

[7] R. at 32.

[8] *Id.*

[9] *Id.* at 26–27 (July 15, 2022 Decision of Senior Claims Deputy (applying 19 *Del. C.* § 3318(b))).

[10] *Id.* at 26.

"issue[s] of timeliness" of the initial appeal.[11]

Ms. Feige timely appealed the Senior Claims Deputy's decision that same day.[12] Her notice of appeal reflected the Limeric Address.[13] Eleven days later, the Department issued notice to the Limeric Address for Ms. Feige's appearance, by phone, at an August 22, 2022 hearing limited to the issue of whether the appeal was timely filed.[14] Appeals Referee Michael McKernan (the "Referee") dismissed the appeal when Ms. Feige failed to appear for the hearing ("Referee's Decision").[15] That same day, the Department mailed the Referee's Decision to the Limeric Address explaining Ms. Feige's appeal rights and specifying the last day to file an appeal to the Board was September 1, 2022 (the "Second Deadline").[16]

Ms. Feige appealed to the Board in February 2023, five months after the Second Deadline had passed, using a different address: 269 Steeplechase Circle, Wilmington, Delaware 19808.[17] Later that same day, Ms. Feige emailed the Department expressing confusion about the denial of her unemployment benefits.[18]

---

[11] *Id.* at 26–27.

[12] *Id.* at 25 (July 15, 2022 Appeal Request Notification).

[13] R.

[14] *Id.* at 20 (July 26, 2022 Notice of Hearing).

[15] *Id.* at 18–19 (Aug. 22, 2022 Referee's Decision).

[16] *Id.* at 18. The Referee certified he mailed his decision to the Limeric Address on the day of the hearing. *Id.* at 19.

[17] *Id.* at 16 (Feb. 2, 2023 Appeal Request Notification).

[18] *Id.* at 17 (Feb. 2, 2023 email) ("As per our conversation today [I] would like to appeal

4

Upon review, the Board denied Ms. Feige's appeal of the Referee's Decision for untimeliness (the "Board Decision").[19] Section 3318(c) mandates that a referee's decision "shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal [to the Board] is initiated pursuant to § 3320 . . . ."[20] The Board found the Referee's Decision was mailed to Ms. Feige in August 2022, the Decision advised her of the Second Deadline, and she did not file her appeal until after the Second Deadline passed.[21] Thus, the Board concluded Ms. Feige's appeal was untimely under the statutory 10-day deadline set forth in Section 3318(c).[22]

The Board further found no evidence of "severe circumstances" warranting consideration of Ms. Feige's untimely appeal.[23] Specifically, Ms. Feige failed to

my case. First [I] would like in writing why [I] was denied my unemployment. You have verified today the appeals court has my correct mailing address and phone number,[]Attached email to [L]isa showed [I] was showing up to work early everyday because people were calling out sick. Please send my court date. Thank you for your time.").

[19] R. at 11–12 (Feb. 21, 2023 Board Decision). The Board's Decision refers to the claimant by the wrong name in the body of the decision; however, Ms. Feige's name is correct at the top of the Board's Decision. Additionally, the Board's decision reflects Ms. Feige's appeal was filed on December 28, 2022, while the record reflects Ms. Feige's appeal was filed February 2, 2023. It is unclear why these factual inconsistencies exist in the Board's Decision, but the Court has concluded, based upon the entirety of the record, the inconsistencies are not material to the Board's Decision.

[20] *Id.* at 11 (quoting 19 *Del. C.* § 3318(c)).

[21] *Id.* at 11–12.

[22] *Id.*

[23] *Id.* at 12 (emphasis removed).

"explain why she filed her appeal after the statutory appeal timeframe[;]" nor was there evidence of an administrative error by the department warranting an exception in the interests of justice.[24] Accordingly, the Board declined to exercise its discretion under Section 3320 to accept the appeal and affirmed the Referee's Decision.

Ms. Feige timely appealed the Board's Decision, listing several—albeit unclear—grounds for relief in her Notice of Appeal: (1) the Court never received "back up;" (2) she never received the Referee's Decision despite her calls and emails before the deadlines; and (3) she always arrived at work punctually.[25] Attached to Ms. Feige's Notice of Appeal was a medical note dated January 2022, copies of text messages with her employer, five Direct Deposit advices, and a photo of a suspended ceiling.[26] These documents appear to relate to Ms. Feige's underlying claim for benefits but fail to address whether her appeal to the Board was timely filed.

Ms. Feige then submitted a one-page opening brief arguing the merits of her underlying claim, including that she never received notice about her job "being in jeopardy."[27] She again failed to address the untimeliness of her appeal to the Referee's Decision.[28] The Board timely answered.[29]

---

[24] *Id.* at 11–12.

[25] Ms. Feige's second claim for relief lacks clarity. D.I. 1.

[26] R. at 11–12.

[27] D.I. 9.

[28] *Id.*

[29] D.I. 11.

This Court issued a notice of delinquent reply brief to Ms. Feige in February 2024.[30] Par for the course, over two months later in late April, Ms. Feige submitted a one-page reply detailing her grievances: (1) she did not receive notice by mail or email, and her employer dismissed her based on false information; (2) she filed a change of address with the post office on June 17, 2022, to forward all mail to her current address; (3) her efforts to address the issues are documented through paperwork, emails, and phone calls, which can be verified, including conversations with "Charlene," "Valerie," and "Shame Thompson [sic];" and (4) her employer provided a false reason for her dismissal.[31] The Court received the complete appeal file in December 2024.[32]

## STANDARD OF REVIEW

Review of the Unemployment Insurance Appeal Board's decisions requires this Court to determine whether the findings and conclusions of the Board are "supported by substantial evidence in the record" and "free from legal error."[33] Substantial evidence is "such relevant evidence as a reasonable mind might accept

---

[30] D.I. 12.

[31] D.I. 13.

[32] D.I. 15.

[33] *Berry v. Mayor*, 2021 WL 839081, at *2 (Del. Super. Mar. 4, 2021) (quoting *Unemployment Ins. Appeal Bd. v. Martin,* 431 A.2d 1265, 1266 (Del. 1981)). *See also* 19 Del. C. § 3323(a) ("In any judicial proceeding under this section, the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

as adequate to support a conclusion."[34] The Court focuses on whether "the evidence is legally adequate to support the [Board's] factual findings"—but the Court's role is not to independently "weigh the evidence, determine credibility questions[,] or make its own factual findings."[35] And the Court will not disturb a discretionary ruling by the Board unless it is "based on clearly unreasonable or capricious grounds" or abuses its discretion by "exceed[ing] the bounds of reason in view of the circumstances or ignor[ing] recognized rules of law so as to produce an injustice."[36] Questions as to whether the Board erred in formulating or applying the law are reviewed de novo.[37]

## DISCUSSION

### I. The Board did not err as a matter of law or abuse its discretion in denying Ms. Feige's appeal as untimely.

Under 19 *Del. C.* § 3318(c), as enacted in 2022,[38] any appeal of a department referee's decision must be filed within 10 days of the date of notification or mailing

---

[34] *Byrd v. Westaff USA, Inc.,* 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Indus., Inc.* v. *Wilm. Stevedores, Inc.,* 636 A.2d 892, 899 (Del. 1994)).

[35] *Robinson v. Del. Pro. Servs., Inc.*, 2021 WL 4485017, at *1 (Del. Super. Sept. 30, 2021) (citations omitted).

[36] *Pumphrey v. Allen Harim Foods*, 2019 WL 4034292, at *2 (Del. Super. Aug. 26, 2019) (citations omitted).

[37] *Robinson*, 2021 WL 4485017, at *1 (citations omitted).

[38] The statute was substantially revised effective Aug. 15, 2024.

of such decision.[39] Here, substantial evidence supports the Board's factual finding the Referee's Decision was mailed to Ms. Feige. It is undisputed the Department mailed the Referee's Decision to Ms. Feige on August 22, 2022 at her Limeric Address.[40] The Decision instructed it would become final unless an appeal was made within 10 days of notification or mailing; and if not appealed within this period, the right to appeal is lost, and the case cannot be reopened.[41] The Referee's Decision expressly stated the last day to file an appeal was September 1, 2022.[42] That due date conforms with the statutory deadline set forth in Section 3318(c).[43] It is undisputed Ms. Feige's appeal was not filed until after September 1, 2022.[44]

Thus, the Board's factual determinations that the Department mailed the Referee's Decision to Ms. Feige on August 22, 2022, and that she failed to file her appeal by the Second Deadline, are supported by substantial evidence in the record. It follows that the Board correctly concluded as a matter of law Ms. Feige's appeal

---

[39] 19 *Del. C.* § 3318(c) (2022) ("[A]n appeals tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify or reverse the decision of the deputy. The parties shall be duly notified of the tribunal's decision, together with its reason therefor, *which shall be deemed to be final unless within 10 days after the date of notification or mailing of such further appeal is initiated* pursuant to § 3320 of this title." (emphasis added)).

[40] R. at 19.

[41] *Id.* at 18.

[42] *Id.*

[43] *See* 19 *Del. C.* § 3318(c) (2022).

[44] R. at 16.

9

was untimely filed under Section 3318(c).

## II. The Board did not abuse its discretion in declining to consider Ms. Feige's appeal.

Under Section 3318(c), the deadline for filing an appeal is "jurisdictional in nature and failure to comply with [a] statutory requirement will prohibit the Board from accepting an appeal."[45] The Board may voluntarily choose to consider an untimely appeal under Section 3320, but it has "broad discretion" in determining whether to do so. [46] Such a decision by the Board necessitates "severe circumstances," usually involving evidence of administrative error or a determination that action is required in the interests of justice.[47]

Ms. Feige alleges her untimely appeal to the Board was caused by the Department's administrative error in failing to note a change of address, but her argument and the facts submitted in support thereof are muddled at best. The grounds listed in her appeal allege she did not receive notice of the initial Claims Deputy's decision.[48] Similarly, her opening brief argues her employer failed to notify her that her job was in jeopardy. These contentions are irrelevant to determine

---

[45] *Berry*, 2021 WL 839081, at *2 (citation omitted).

[46] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991) (holding the Board may act voluntarily beyond the ten-day period to consider a case where a valid appeal has not been filed by the parties); *Pumphrey*, 2019 WL 4034292, at *2 (citations omitted) (same).

[47] *See Berry*, 2021 WL 839081, at *2 (citing *Funk*, 591 A.2d at 225–26).

[48] D.I. 1.

whether the Board abused its authority by declining to consider Ms. Feige's untimely appeal of the Referee's Decision.

In her one-page reply brief, Ms. Feige attempts to clarify her tardiness: she could not respond to information that she did not receive by mail or email from the Department; she provided the Department will all necessary documentation; she filed a change of address with the post office on June 17, 2022; and she followed up with emails and phone calls to certain individuals.[49]  But it remains unclear which decision Ms. Feige is referring to—and the record is devoid of any support that she submitted a change of address to the Department prior to August 22, 2022.

The Board chose not to exercise its discretion under Section 3320 to accept Ms. Feige's late appeal request, as it found no evidence of departmental error that prevented her from filing a timely appeal of the Referee's Decision.[50]  Instead, the Board concluded that Ms. Feige was properly notified of the Referee's Decision and could not attribute the delay in her appeal request to any error by the Department.[51] Substantial evidence in the record supports the Board's findings.  Specifically, the evidence shows Ms. Feige was instructed on June 22, 2022 to update her address with the Department and the Referee certified he mailed the decision to her address

---

[49] The record fails to indicate whether these persons were representatives of the Department or Ms. Feige's prior employer. *Id.*

[50] R. at 12.

[51] *Id.* at 12 n.3.

of record on August 22, 2022.[52]

The record evinces the Department correctly updated Ms. Feige's address upon request, and at least one piece of mail sent to her Limeric Address was not returned by the U.S. Postal Service.[53] Ms. Feige submitted an address change to the Department on or about February 2, 2023, which was five months after the Second Deadline.[54] In sum, aside from Ms. Feige's unsupported claims about the Department failing to update her address, there is no evidence in the record of any administrative error by the Department. Thus, the Court finds the Board did not abuse its discretion in finding no "severe circumstances" existed to warrant considering Ms. Feige's untimely appeal.

Ms. Feige also failed to show the Board erred in concluding the interests of justice required consideration of her late appeal. Under Section 3314(2), an employee who is terminated for "just cause" is disqualified from receiving unemployment benefits.[55] "Just cause" may include a "willful or wanton act or

---

[52] *Id.* at 19, 32.

[53] *Compare id.* at 25 (reflecting the Limeric Address), *with id.* at 16, 26 (showing a change to the Steeplechase address as of February 2, 2023).

[54] R. at 16, 17.

[55] Section § 3314(2) ("For the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount."); *see also Little v. True Pack, Ltd.*, 2014 WL 5025354, at *2 (Del. Super. Sept. 24, 2014) (citation omitted).

pattern of conduct in violation of the employer's interest[ or] the employee's duties."[56] Willful or wanton conduct can be "evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance; it is unnecessary that it be founded in bad motive or malice."[57] Unexcused absences have been found to constitute just cause for an employee's discharge.[58] When the parties dispute whether the absences were excused or unexcused, decisions regarding credibility of witnesses are within the exclusive province of the Board.[59]

Here, Ms. Feige disputes whether she was discharged "with cause" and alleges her employer falsified information.[60] Yet the record shows the Claims Deputy stated

---

[56] *Watts v. Kraft Heinz Foods*, 2018 WL 6042811, at *2 (Del. Super. Ct. Nov. 19, 2018) (quoting *Majaya v. Sojourners' Place*, 2003 WL 21350542, at *4 (Del. Super. Jun. 6, 2003)).

[57] *Watts*, 2018 WL 6042811, at *2 (quoting *MPRC Fin. Mgmt., LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. Jun. 20, 2003)).

[58] *See, e.g.*, *Jennings v. Cap. Cleaners & Launderers, Inc.*, 2024 WL 4556461, at *2 (Del. Super. Oct. 23, 2024) (employee who failed to notify employer of missed work in advance was discharged for just cause); *Bozier v. Mountaire Farms & Unemployment Ins. Appeal Bd.*, 2014 WL 3894063, at *4 (Del. Super. Aug. 7, 2014) (employee who missed work in violation of employer's policy was discharged for just cause); *Campbell v. Sojourners Place, Inc.*, 2010 WL 3386464, at *3 (Del. Super. Aug. 12, 2010) (employee who was absent from work due to illness, but failed to provide contemporaneous documentation to her employer, was discharged for just cause).

[59] *Breese v. Unemployment Ins. Appeals Bd.*, 1993 WL 258853, at *3 (Del. Super. June 24, 1993) (explaining when the claimant and employer disagree on whether absences were excused, the Board has the authority to decide which witnesses to credit).

[60] D.I. 9.

both parties agreed Ms. Feige "missed too much time off."[61]  Given that admission, the Board would likely have upheld the Claims Deputy's decision to disqualify Ms. Feige's benefits request for "just cause" under Section 3314(2).  This is not Ms. Feige's only untimely appeal; she also appealed the Claims Deputy's Decision late.  While not dispositive, this may have cut against the Board crediting Ms. Feige's testimony.   Thus, the interests of justice did not require the Board to override the statutory requirement of timeliness to consider her appeal on its merits.

Juxtaposed against Ms. Feige's factually unsupported claims on appeal, this Court finds substantial evidence in the record supports the Board's finding Ms. Feige failed to establish either an administrative error by the Department or that the interests of justice required the Board to exercise its discretion to consider her untimely appeal.

---

[61] R. at 29.

## CONCLUSION

The Board's finding Ms. Feige failed to file her appeal of the Referee's Decision within the statutorily mandated window is supported by substantial evidence. And the Board did not abuse its discretion in declining to permit Ms. Feige to file an untimely appeal for its consideration. Thus, the Board's Decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Kathleen M. Vavala*
The Honorable Kathleen M. Vavala