CHRYSLER CORPORATION and Unemployment Insurance Appeal Board, Defendants Below, Appellants,

v.

Richard J. DILLON et al., Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Argued Sept. 11, 1974.

Decided Sept. 30, 1974.

Carl Schnee and Jeffrey S. Goddess, Tybout, Redfearn & Schnee, Wilmington, for Chrysler Corp., defendant below, appellant.

Jay H. Conner, Wilmington, for Unemployment Ins. Appeal Board, defendant below, appellant.

Harvey B. Rubenstein, Wilmington, for plaintiffs below, appellees.

Before HERRMANN, C. J., QUILLEN, Chancellor, and McNEILLY, Judge.

PER CURIAM:

In this unemployment compensation case, the Unemployment Insurance Appeal Board reversed the Referee's decision granting unemployment compensation benefits to the employee-claimants. Upon their appeal, the Superior Court reversed the decision of the Board with directions to grant benefits to the claimants as awarded by the Referee. The Employer now brings this appeal.

The question we consider, and the question considered below, concerns the power of the Board under 19 Del.C. § 3320[1] to consider appeals after the expiration of the ten day limitation period specified in 19 Del.C. § 3318(c).[2] The appeal to the Board in the instant case was initiated by the Employer eight days after the expiration of that period.

The determinative question on this appeal is factual. The Superior Court found that the Board considered this matter as an appeal by a party, the Employer, and not as action by the Board on its own motion, as the Employer contends. We agree with the Superior Court. The record is clear that the Board "granted" the Employer's "late appeal" and did not act on its own motion.

The Unemployment Insurance Appeal Board is a creature of statute. 19 Del.C. Ch. 31 and Ch. 33 (1970). Its power extends only to cases properly before it in compliance with the statutory law. See Maxwell v. Vetter, Del.Supr., 311 A.2d 864 (1973). The Court below held that all appeals to the Board by parties are subject to the ten day limitation period specified in 19 Del.C. § 3318(c); that consequently the Board lacked the power to accept the late appeal by the Employer. We agree with that holding for the reasons set forth in the opinion of the Superior Court.

We do not reach the question of whether the Board may act on its own motion under § 3320 to review a decision of a Referee after the expiration of the ten day limitation period.

Affirmed.

1. 19 Del.C. § 3320 provides in pertinent part: "The Unemployment Insurance Appeal Board may on its own motion affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence or may permit any of the parties to such decision to initiate further appeal before it. The Department shall permit such further appeal by any of the parties interested in a decision of an appeal tribunal which is not unanimous and by the deputy whose decision has been overruled or modified by an appeal tribunal [i. e. Referee]. * * *."

2. 19 Del.C. § 3318 provides in pertinent part:
\* \* \* \* \*
"(c) Unless the appeal is withdrawn, an appeals tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify, or reverse the decision of the deputy. The parties shall be duly notified of the tribunal's decision, together with its reasons therefor, which shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision, further appeal is initiated pursuant to § 3320 of this title. \* \* \*."