# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GOLDEN H. EWELL,         )
                                     )
       Appellant,       )
                                     )
      v.                    )      C.A. No. N19A-05-004 CEB
                                     )
FEDEX GROUND        )
and UNEMPLOYMENT   )
INSURANCE            )
APPEAL BOARD,      )
                                     )
       Appellees.       )

Submitted: December 31, 2019
Decided: April 7, 2020

## ORDER

*Upon Consideration of Appeal from Decision*
*of the Unemployment Insurance Appeal Board.*
**AFFIRMED.**

1.     This is an appeal from a decision of the Delaware Unemployment Insurance Appeals Board ("UIAB"). In February, 2019, Mr. Golden Ewell sought unemployment benefits. A Claims Deputy found that Mr. Ewell was ineligible for unemployment benefits and a notice of determination was mailed to Mr. Ewell on March 18, 2019. By the terms of 19 Del. C. §3318(b) and as printed in the notice of determination of benefits, an appeal of the determination must be made within

10 days – in this case not later than March 28, 2019. Mr. Ewell filed an appeal on April 11, 2019.

2.    An Appeals Referee held a hearing and determined that Mr. Ewell was ineligible for benefits and that the appeal filed on April 11, 2019 was untimely. Plaintiff appealed that ruling to the UIAB. The UIAB affirmed the Appeals Referee. Plaintiff now challenges the UIAB's refusal to hear the appeal.

3.    The UIAB argues Mr. Ewell did not file an appeal within 10 calendar days of the notice of determination of benefits of the Claims Deputy's determination and thus the determination is final.

4.    The Court's review of a UIAB ruling is limited to determination of "whether or not there was substantial evidence to support the findings" of the UIAB and it is free from legal error.[1] On appeal, the Court will not "weigh the evidence, determine questions of credibility, or make its own factual findings."[2]

5.    The Court has reviewed Mr. Ewell's letters to the Court carefully. Mr. Ewell indicates in his letters that he suffers from depression and that he delayed in filing the appeal because he had the understanding that he would have a job waiting for him. This Court sympathizes with Mr. Ewell's plight. But Mr. Ewell has affirmed in his letters and also in the hearing before the Appeals Referee that he did

---

[1] *Thompson v. Christiana Care Health Systems,* 25 A.3d 778, 781 (Del. 2011).
[2] *Person-Gaines v. Pepco Holdings, Inc.,* 981 A.2d 1159, 1161 (Del. 2009).

not file the appeal within the 10-day deadline because he did not notice the deadline printed on the document.[3]

6. The UIAB does not have jurisdiction over appeals that are not filed within the 10-day appeal period.[4] The only circumstance permitting the UIAB to extend jurisdiction is if it finds the Department of Labor committed an administrative error or "where the interests of justice would not be served by its inaction."[5]

7. In this case, the Appeal's Referee held a hearing to determine if the UIAB should accept jurisdiction despite the untimeliness of the appeal. At the hearing, Mr. Ewell testified that the notice of determination was mailed to the correct address and that he read the document, but that he focused on the top of the document, missing the 10-day deadline.[6] The Appeals Referee found the appeal was untimely. The UIAB declined to extend jurisdiction, finding no departmental error in Mr. Ewell's case or any circumstances that suggests that Mr. Ewell's appeal

---

[3] Transcript of Referee Decision 29--31.

[4] *Hartman v. Unemployment Ins. Appeal Bd.,* 2004 WL 772067, at *2 (Del. Super. April 5, 2004) ("Where the lateness of the appeal is due to the claimant's unintentional or accidental actions, and not due to an administrative error, the Claims Deputy's determination will become final and § 3318(b) will jurisdictionally bar the claim from further appeal.")

[5] *Funk v. UIAB,* 591 A.2d 222 (Del.1991). *See Chrysler Corp. v. Dillon,* 327 A.2d 604 (Del. 1974) (The authority of the UIAB is statutory and it can only exercise its power over claims in compliance with its statutory provisions).

[6] Transcript of Referee Decision 30-31 ("I just focused on – I just focused on the top.")

should be heard in the interests of justice. The facts found are borne out by the record and there was no legal error.

For the reasons stated, the Court finds that the UIAB's decision is supported by substantial evidence and free from legal error. The UIAB's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

_____
Judge Charles E. Butler