SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

May 4, 2020

Chandroutie Jogee
18326 Phillips Hill Road
Laurel, DE 19956

Monica L. Townsend, Esquire
Department of Justice, Civil Division
820 N. French Street
Wilmington, DE 19801

RE: *Chandroutie Jogee v. Perdue Foods, LLC and Unemployment Insurance Appeal Board*, C.A. No. S19A-12-001 RFS

DATE SUBMITTED: April 28, 2020

Dear Ms. Jogee and Ms. Townsend:

Pending before the Court is an appeal which Chandroutie Jogee ("appellant") has filed from a decision of the Unemployment Insurance Appeal Board ("Board") refusing to consider her appeal from an Appeals Referee's decision because she did not timely file the appeal. This is my decision affirming the Board's decision.

**Facts and Procedural Posture**

The record shows the following. Appellant was a long-time employee of Perdue Foods, LLC ("employer"). On August 20, 2019, appellant was a line leader. One of the employees she

1

was supervising cut his finger and was bleeding. He had Hepatitis B. He reported his cut. Some product was contaminated. Appellant, through training and written policies, was well-aware of the correct procedure to follow in this situation: condemn the product and bleach the floor. Employer later located the product in a freezer; had employer not located it, the contaminated product would have entered the stream of commerce. Appellant admitted she did not bleach the floor.

Because appellant's actions were so wanton and egregious, employer fired her.

Appellant appealed to a Claims Deputy, who found in her favor. Employer appealed. Appellant did not appear at the hearing before the Appeals Referee and only employer presented evidence and testimony. The Appeals Referee found appellants actions "constituted willful or wanton behavior and a reckless disregard for employer's reasonable safety and ethics policies"[1] and concluded she was discharged from employment with just cause.

The Appeals Referee mailed a copy of his decision to the parties on October 15, 2019. The address used was the same as appellant has used in her appeal to this Court. The front page of the decision showed that the last day to file an appeal was October 25, 2019.

On November 6, 2019, appellant submitted an appeal to the Board. Her reason for the appeal was: "I disagree with the ref decision. I wish to file an appeal."[2] The appeal was filed beyond the appeal period.[3]

The Board considered the matter on December 4, 2019, and issued its decision on

---

[1] Board's Record filed on February 5, 2020, at 36 (hereinafter, "Record at ___").

[2] *Id.* at 51.

[3] 19 *Del. C.* § 3318( c).

2

December 13, 2019. The Board's decision provides in pertinent part as follows:[4]

Pursuant to 19 *Del. C.* § 3318( c), the Referee's Decision "shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal [to the Board] is initiated pursuant to § 3320 of this title." This statutory time limit is jurisdictional. Under Delaware law, Claimant's failure to meet the statutory deadline, even by a few days, prohibits the Board from accepting her appeal. FN 2

In cases of *severe* circumstances, however, the Delaware Supreme Court has found that the Board may *itself* exercise its discretion under § 3320 to accept an untimely request for appeal. FN 3 Such cases have been few and far between. And the Board is extremely cautious in exerting its discretion in such cases. On those rare occasions, typically there is a showing of some *administrative error* on the part of the Department of Labor preventing a timely appeal. Or the Board finds that the totality of circumstances show that the *interests of justice* require action by the Board.

This is not one of those rare cases.

Here, the Board declines to exercise its discretion under § 3320 to accept Claimant's appeal request *sua sponte*. The Board finds no evidence of Departmental error that prevented Claimant from filing a timely appeal of the Referee's Decision. Nor has Claimant provided any evidence of any *severe* circumstances to justify the exercise of the Board's discretion to hear the appeal in the interests of justice. FN 4

The Board concludes that Claimant has been given notice and an opportunity to be heard sufficient to satisfy the requirements of due process. FN 5

The Board **DENIES** the application for further review. The Decision of the Referee is **AFFIRMED** and is final and binding. (Emphases in original).

> FN 2 *Chrysler Corp. v. Dillon*, 327 A.2d 604, 605 (Del. 1974) (the Board's power to hear cases is defined by law and § 3318( c) removes the Board's power to accept a late appeal request).
>
> FN 3 *See Funk v. Unemployment Insurance Appeal Board*, 591 A.2d 222, 225 (Del. 1991) (holding that the Board has the authority to act *sua sponte* beyond the ten-day appeal period to consider a case where no valid appeal has been filed by the parties.
>
> FN 4 Claimant does not explain why she filed her appeal request after the statutory deadline to do so. Accordingly, the Board is without sufficient information to conclude that there was either a Departmental error or that the interests of justice require the Board

---

[4]Record at 73-74.

to take the extraordinary action of accepting the untimely appeal request.

> FN 5 The Board finds that Claimant was adequately notified of the underlying Decision and that Claimant cannot attribute the lateness of the appeal request to any Departmental error. *Powell v. Unemployment Insurance Appeal Board*, 2013 WL 3834045, at * 2 (Del. Super. July 23, 2013).

Appellant filed an appeal of the Board's decision to this Court. Her listed grounds for the appeal are that she disagreed with the Board's decision and she did not like the Board's decision. Her submission in support of her appeal contains the following: she never had filed for unemployment so she was not familiar with their policies and procedures; she has stopped receiving paychecks from the Department of Labor after receiving three paychecks and she does not understand why; and she asks the Court's assistance to help her discover why the paychecks stopped. She does not explain why she did not file an appeal on time nor does she address, in any manner, whether the Board abused its discretion in denying her appeal because it was not timely filed. The Board asks the Court to uphold the decision. Appellant has not filed a reply thereto and the matter is ripe for decision.

### Standard of Review

As this Court recently explained in *Pumphrey v. Allen Harim Foods*,[5]

When reviewing the decisions of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The Court's review is limited: "[i]t is not the appellate court's role to weigh evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."

---

[5] 2019 WL 4034292, *2 (Del. Super. Aug. 26, 2019) ("*Pumphrey*").

4

In reviewing the Board's decision, in this situation, the Court's analysis is twofold. First, it is necessary to determine whether or not the finding that the appeal was untimely is supported by the facts in the record. Second, "the Court must determine whether the Board abused its discretion by not exercising, *sua sponte*, its power to review the record for an injustice despite the untimely appeal." This Court will not disturb a discretionary ruling of an administrative agency unless it is "based on clearly unreasonable or capricious grounds." Furthermore, "an abuse of discretion occurs where the Board exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice." (Footnotes and citations omitted).

## Discussion

In its decision, the Board correctly explained the law guiding its determination as to whether to allow appellant's appeal to proceed. The Board may allow an appeal to go forward even if it is untimely filed.[6] However, those situations are rare; they might happen when an administrative error on the part of the Department of Labor deprived a claimant of the opportunity to file a timely appeal or if inaction would not serve the interest of justice.[7] If the Board has not abused its discretion, then this Court upholds the Board's decision.[8]

In this case, appellant has not shown any error on the part of the Board nor has she presented any evidence of severe circumstances which would require her appeal to be heard in the interest of justice. She has presented nothing which would support a contention that the Board should have considered the appeal *sua sponte*.

## Conclusion

Substantial evidence supports the finding that appellant's appeal to the Board was

---

[6] *Id.* at *3.

[7] *Id.*

[8] *Id.*

untimely filed. Furthermore, the Board did not abuse its discretion in applying the time limitation which 19 *Del. C.* § 3318( c) imposes and in refusing to consider the late appeal *sua sponte*. Consequently, the decision of the Board is **AFFIRMED**.

    **IT IS SO ORDERED**.

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Perdue Foods, LLC
    Victoria W. Counihan, Esquire

FILED PROTHONOTARY
SUSSEX COUNTY
2020 MAY -4 P 12: 26