# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SUZETTE D. SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N19A-10-002 CLS |
| ADVANCED HOME HEALTH | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: February 26, 2021

*Upon Appellant Suzette D. Shepherd's Appeal from a Decision of the Unemployed Insurance Appeal Board*
**AFFIRMED.**

# ORDER

Suzette D. Shepherd, *Pro Se*.

Monica Townsend, Esquire, Victoria W. Counihan, Esquire, and Daniel Mulveny, Esquire, Delaware Department of Justice, Wilmington, Delaware, Attorney for Delaware Division of Unemployment Insurance.

**SCOTT, J.**

On this 26th day of February, 2021, and upon Appellant Suzette D. Shepherd's ("Ms. Shepherd") Appeal of the Unemployment Insurance Appeal Board's decision, the Court finds as follows:

1.  On October 14, 2019, Ms. Shepherd filed a Notice of Appeal of an Unemployment Insurance Appeal Board decision (the "Decision").

2.  In her Opening Brief, filed on February 7, 2020, Ms. Shepherd alleged that the "Unemployment Board Referee Mr. R McBride" was biased in his decision and did not further investigate the matter that Ms. Shepherd was demoted or terminated from work because she complained about working beyond the scheduled hours she was hired for.[1] Ms. Shepherd argues that she was wrongfully denied unemployment benefits for the weeks she did not work.[2]

3.  On February 12, 2020, the Delaware Division of Unemployment Insurance (the "Division") responded and stated that it did not intend to file an Answer in this matter. The Division stated that the Unemployment Compensation Appeals Board (the "Board") affirmed a decision of an Appeals Referee because Ms. Shepherd's appeal of that decision was untimely.[3] Moreover, the

---

[1] Appellant's Op. Br. at p. 1.
[2] *Id.*
[3] Appellee's Answ. Br. at p. 1.

Division argued that Ms. Shepherd: (1) did not provide any justification for her late filed appeal; (2) did not provide any evidence of error by the Division; and (3) did not provide evidence that the Board abused its discretion in not accepting an untimely appeal from an Appeals Referee's decision.[4]

4. On February 13, 2020, the Division submitted an Amended Answering Brief. The Division stated that the issue before the Board below was Ms. Shepherd's failure to timely file her request for appeal under 19 *Del. C.* § 3318(c). The Division stated that the Board found that Ms. Shepherd did not timely file an appeal and that, after reviewing the record, did not find that Ms. Shepherd had shown sufficient facts and circumstances to warrant accepting her appeal *sua sponte*. As a result, the Board declined to accept the appeal.

5. 19 C. § 3318(c) states as follows:

Unless the appeal is withdrawn, an appeals tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify or reverse the decision of the deputy. The parties shall be duly notified of **the tribunal's decision**, together with its reason therefor, which **shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated pursuant to § 3320 of this title.** If an appeals tribunal decision awards benefits, such benefits shall be paid promptly in accordance with such decision upon its issuance. If an appeal is filed from an appeals tribunal's decision that awards benefits, benefits shall be paid in accordance with such decision notwithstanding such appeal, but if the Unemployment Insurance Appeal Board's decision modifies or reverses the award of benefits, the claimant shall be paid benefits for weeks of unemployment following the issuance of the Unemployment Insurance Appeal Board's decision only in accordance with such decision. Benefits to which the claimant is not entitled under the decision of the appeals tribunal shall not be paid for any week ending after the decision is issued, but any benefits which

---

[4] *Id.*

the claimant is determined to be otherwise entitled to receive shall be paid notwithstanding any further appeal from the decision of the appeals tribunal.

6. In *Chrysler Corp. v. Dillion*,[5] the Delaware Supreme Court held that, where an employer initiated an appeal to the Unemployment Insurance Appeal Board eight days after the expiration of the ten day limitation period specified in 19 *Del. C.* § 3318(c), the Unemployment Insurance Appeal Board lacked power to accept the appeal.[6] In the instant case, it is uncontested that Ms. Shepherd did not file within the ten day limitation period specified in 19 *Del. C.* § 3318(c).

7. However, under 19 *Del. C.* § 3320,[7] the Delaware Supreme Court has found that the Board may exercise discretion *sua sponte* and accept an untimely request for an appeal.[8]

8. The Division argues that the Board is cautious in exerting its discretion in this manner and typically only does so if: (1) there is a showing of administrative error on the part of the Department of Labor that prevented the filing of a timely appeal The Board or (2) the Board finds, in the totality of the circumstances, that the interests of justice require action from the Board. The

---

[5] *Chrysler Corp. v. Dillion*, 327 A.2d 604 (Del. 1974).
[6] *Id.* at 605.
[7] 19 *Del. C.* § 3320
[8] *Funk v. Unemployment Insurance Appeal Board*, 591 A.2d 222, 225 (Del. 1991).

3

Board, after reviewing the record and Ms. Shepherd's request for an appeal, found that Ms. Shepherd had not shown sufficient facts and circumstances to warrant accepting her untimely appeal *sua sponte*. As a result, the Board declined to exercise its discretion under § 3320 to accept the appeal.

9. In her appeal to this Court, Ms. Shepherd does not argue that the Board abused its discretion in declining to accept her appeal as untimely under § 3318(c). Instead, Ms. Shepherd argues that the "Unemployment Board Referee Mr. R McBride" was biased in his decision and did not fully investigate the facts.

10. Under § 3318(c) and the Delaware Supreme Court's interpretation of such statute in *Chrysler Corp. v. Dillon*, the Board lacked the power to accept the appeal after the expiration of the ten-day window.

11. Moreover, under § 3320 and the Delaware Supreme Court's interpretation of such statute in *Funk v. Unemployment Insurance Appeal Board*, the Board did not abuse its discretion in declining to exercise, *sua sponte*, their discretion in accepting Ms. Shepherd's untimely appeal.

Therefore, for the reasons stated above, the Unemployment Insurance Appeal Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____

**The Honorable Calvin L. Scott, Jr.**

4