# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| LAWRENCE BERRY, JR., | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N19A-12-004 VLM |
| | ) | |
| MAYOR AND COUNCIL OF | ) | |
| MIDDLETOWN, DELAWARE and | ) | |
| THE UNEMPLOYMENT | ) | |
| INSURANCE APPEAL BOARD | ) | |
| | ) | |
| Employer-Appellees. | ) | |

## ORDER

Submitted: December 31, 2020
Decided: March 4, 2021

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*, **AFFIRMED**.

Lawrence Berry, Jr. *Pro se.*

Scott E. Chambers, Esquire, Schmittinger & Rodriguez, P.A., Dover, DE.
*Attorney for Appellee Mayor and Council of Middletown, Delaware.*

Daniel Mulveny, Esquire, Department of Justice, Wilmington, DE.
*Attorney for Appellee Unemployment Insurance Appeal Board.*

**MEDINILLA, J.**

# I.  INTRODUCTION

Appellant, Lawrence Berry, Jr. ("Berry"), appeals a decision of the Unemployment Insurance Appeal Board (the "Board") that found that Berry's Appeal from an Appeals Referee's (the "Referee") decision was filed untimely, resulting in the denial of insurance benefits under 19 *Del. C.* § 3318(c).  For the following reasons and upon consideration of the arguments, submissions of the parties, and the record in this case, the Court hereby affirms:

1.      Berry was employed as a full-time municipal worker for the Mayor and Council of Middletown, Delaware ("Employer"), between October 2018 and June 2019.[1]  On June 12, 2019, Berry suffered a work-related injury and filed an accident report with Employer the following day.[2]  After filing the report, Berry, in conformance with Employer's policy, reported for a drug screening.[3]  The screening came back positive.[4]

2.      After receiving the drug screening results, Berry met with Employer's Human Resources Director Theresa Berry.[5]  During this meeting, Berry admitted that he had smoked marijuana.[6]  Employer had a zero-tolerance policy for drug and

---

[1] R. at 15.
[2] *Id.* at 16.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 30-31.  Theresa Berry has no relationship to Appellant Lawrence Berry, Jr.
[6] R. at 30.

1

alcohol abuse.[7] On June 19, 2019, Berry was terminated for violation of the zero-tolerance policy.

3.    Berry filed a claim for unemployment benefits with the Division of Unemployment Insurance.[8] On July 19, 2019, a Claims Deputy found that Employer discharged Berry for just cause disqualifying him from unemployment benefits pursuant to 19 *Del. C.* § 3314(2).[9] Berry timely appealed to an Appeals Referee.[10] On August 6, 2019, following a hearing, the Referee affirmed the Claims Deputy's decision that Employer met its burden of proof that Berry's termination was for just cause.[11] Berry had until August 16, 2019, to file a timely appeal.[12] He failed to do so.

4.    On October 29, 2019, Berry filed his untimely appeal to the Board.[13] Berry argued that he had received the August 6 mailing of the Referee's decision, sent a timely appeal on August 11, 2019, but never heard back from the Board so he filed again.[14] The Board could not find a record of his August filing. On November 26, 2019, the Board upheld the Referee's decision finding that (1) Berry had failed to provide proof that he had filed a timely appeal; (2) no evidence had been provided

---

[7] *Id.* at 38.
[8] *Id.* at 1-2.
[9] *Id.* at 2.
[10] *See id.* at 1-6.
[11] *Id.* at 47-48.
[12] *See id.* at 47.
[13] *Id.* at 65.
[14] *Id.* at 66.

that a Departmental error had occurred; and (3) there were no "severe circumstances sufficient to justify the exercise of the Board's discretion to hear the appeal in the interest of justice".[15]

5.     On December 13, 2019, Berry appealed the Board's decision. On March 10, 2020, Berry, acting *pro se*, filed his opening brief. On March 27, 2020, Employer filed its response. On April 7, 2020, the Board filed its response. On August 27, 2020, Berry filed his Reply brief and this Court was assigned the matter on December 31, 2020. The matter is now ripe for decision.

## II.     STANDARD OF REVIEW

6.     On an appeal from the Board, this "[C]ourt must determine whether the findings and conclusions of the Board are free from legal error" and whether they are "supported by substantial evidence in the record."[16] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17] The Court does not "weigh the evidence or make determinations

[15] R. at 69.

[16] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981); *Pochvatilla v. United States Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997); 19 *Del. C.* § 3323(a)).

[17] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries, Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

based on credibility or facts."[18]  Absent an abuse of discretion by the Board, this Court will uphold the Board's determination.[19]

## III.  DISCUSSION

7.      Pursuant to 19 *Del. C.* § 3318(c), an Appeal's Referee's decision "shall be deemed to be final unless within 10 days after the date of notification or mailing of such decision further appeal is initiated pursuant to [19 *Del. C.*] § 3320 . . . ."[20] The statutory limit is jurisdictional in nature and failure to comply with this statutory requirement will prohibit the Board from accepting an appeal.[21]

8.      In cases of *severe* circumstances, however, the Delaware Supreme Court has found that the Board itself may exercise its discretion under 19 *Del. C.* § 3320 to accept an untimely request for appeal.[22]  It is rare that the Board will find such circumstances exists and choose to exercise its power.[23]  In cases where the Board has exercised its discretion, typically there is a showing of administrative error or the Board finds that the interests of justice requires the Board to take action.[24]

---

[18] *Id.* (citing *Johnson v. Chrysler Corp.*, 203 A.2d 64, 66 (Del. 1965)).

[19] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[20] 19 *Del. C.* § 3318(c).

[21] *Chrysler Corp. v. Dillon*, 327 A.2d 604, 605 (Del. 1974).

[22] *Funk*, 591 A.2d at 225.

[23] *Flowers-Nichols v. Tri-State Waste Solutions*, 2011 WL 2176515, at *3 (Del. Super. May 31, 2011) (citing *George v. Unemployment Ins. Appeal Bd.*, 2008 WL 4147350, at *2 (Del. Super. Sept. 9, 2008)).

[24] *Flowers-Nichols*, 2011 WL 2176515, at *3 (citing *Funk*, 591 A.2d at 225; *George* 2008 WL 4147350, at *2).

When reviewing whether the Board should have used its authority to take an untimely appeal, the Court must consider whether the Board abused its discretion.[25]

### A. Berry's Appeal Was Untimely Under 19 *Del. C.* § 3318(c)

9. Berry claims that he had submitted an appeal to the Board on August 11, 2019, but for some reason it never arrived.[26] In Berry's Opening Brief he presents a hand written letter dated August 11, 2019, which he appears to offer in support of his claim that he timely filed his appeal.[27] The Board responds that this letter was never provided to it as there is no evidence to support that it was mailed on August 11, 2019.[28] Employer similarly argues that the record was devoid of any evidence to support Berry's claim that he timely mailed his appeal.[29]

10. The Board had nothing in the record to support Berry's claim that he mailed a timely appeal on August 11, 2019, despite his concession that he had received the Referee's August 6 mailing.[30] The record reflects that the only appeal filed was on October 29, 2019, through the Department of Labor ("DOL") Portal.[31]

11. Any evidence of Berry's August 11, 2019, appeal is first noted in his Opening Brief. There is no evidence that he mailed the letter on that date or before

---

[25] *See Funk*, 591 A.2d at 225-26.
[26] *See* Notice of Appeal, D.I. 1.
[27] *See* Opening Brief, D.I. 10, at P#2.
[28] Letter to the Court Serving as Board's Answering Brief, D.I. 12, at 2.
[29] Answering Brief of Mayor and Council of Middletown, D.I. 11, at 6.
[30] *See* R. at 66.
[31] *See id.* at 65-67.

5

the August 16, 2019, deadline.[32] There is no postmark on the letter nor is there any receipt of mailing. This letter was also not provided to the Board prior to its decision. Thus, the Court finds that there was substantial evidence to deny Berry's appeal as untimely under 19 *Del. C.* § 3318(c) on the above procedural grounds.

## B. No Severe Circumstances Exist Under 19 *Del. C.* § 3320

12.     The Board considered and found no administrative errors that occurred with DOL, nor was any evidence provided showing such errors.[33] After so finding, the Board further declined to consider *sua sponte* the substance of Berry's appeal, deciding it would not be in the interest of justice to do so.[34] Although not raised by Berry here, the Court further considers whether the Board abused its discretion when it made this decision, and finds it did not.

13.     Even if the Board had heard the appeal, there was substantial evidence to uphold the Referee's decision on the merits. Berry admitted at the hearing that he had smoked marijuana in violation of Employer's zero-tolerance drug and alcohol policy.[35] Yet Berry's challenge was that he was not provided with the results.[36] Any such evidence would have served only to corroborate what had already been established through Berry's admission that he smoked marijuana in violation of the

---

[32] *See* Opening Brief, D.I. 10, at P#2.
[33] *See* R. at 69.
[34] *Id.* at 69 n. 3.
[35] *Id.* at 30, 38.
[36] Notably, Berry concedes in his August 11, 2019, submission to the Board he "was given a copy of the alchol [sic] test."

6

Employer's policy. Thus, it would not have been in the interest of justice to hear Berry's appeal on the merits. The outcome would have been the same.

14. As there was no administrative error and it would not have been in the interest of justice for the Board to hear Berry's appeal, the Court finds that the Board did not abuse its discretion in finding that *severe* circumstances did not exist to accept the appeal *sua sponte*.

15. The record supports the Board's decision that Berry did not timely file his appeal and further decided not to exercise its discretion to accept Berry's untimely appeal. There is no error of law. For the foregoing reasons, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Vivian L. Medinilla
Judge

7