**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ERIC COSTER | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | C.A. No. N20A-02-004 CEB |
| v. | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: January 12, 2021
Decided: April 6, 2021

*Appeal from a Decision of the*
*Unemployment Insurance Appeal Board.*
**AFFIRMED.**

**ORDER**

This 6th day of April 2021, upon consideration of the appeal of Eric Coster ("Claimant") from a decision of the Unemployment Insurance Appeal Board ("the UIAB"), it appears to the Court that:

1.      This matter has come to the Court following a Decision by the UIAB affirming the Decision made by the Department of Labor ("DOL") Division of Unemployment Appeals Referee ("The Referee") dismissing Claimant's appeal of an unemployment benefits determination.

1

2.      Claimant filed a claim for unemployment insurance benefits on January 13, 2019.[1] He was awarded and collected a weekly benefit of $330.00 effective for the week ending January 19, 2019.[2]

3.      On February 2, 2019, a Notice of Determination was mailed to Claimant.[3] The Determination held Claimant was ineligible for unemployment benefits from the week ending January 19, 2019 to February 2, 2019 due to Claimant's failure to register with the Department of Education and Training.[4]

4.      On October 24, 2019, the DOL conducted a hearing to determine whether Claimant received benefits he was not entitled to.[5] 19 *Del. C.* § 3325 provides that any person who receives benefits to which he is not entitled is liable to repay the overpayment to the Department for Unemployment Compensation Fund or have the overpayment deducted from future benefits payable to him.[6] The recipient is liable regardless whether benefits were received through fraud or mistake, or whether he was legally awarded the benefits at the time but was subsequently found not to be entitled on appeal.[7] Pursuant to the statute, the Referee

---

[1] R. at 32.
[2] Hearing Tr. at 6:24-7:1.
[3] *Id.*
[4] *Id.*
[5] R. at 5.
[6] 19 *Del. C.* § 3325.
[7] *Id.*

found that Claimant was overpaid benefits in the amount of $990.00 for weeks ending January 19, 2019 through February 2, 2019.[8]

5.      The Referee's decision was mailed to the Claimant's address on file with the DOL on October 25, 2019, notifying Claimant that the last day to file an appeal with the UIAB was November 4, 2019.[9] Claimant moved residences in the beginning of November 2019.[10] On November 22, 2019, Claimant updated his address with the DOL and filed his appeal of the Referee's Decision with the UIAB – eighteen days after the appeal deadline.[11]

6.      Under 19 *Del. C.* § 3318(c), a party in an unemployment compensation dispute has ten days to seek review of a referee's decision by the UIAB.[12] Claimant's failure to meet the statutory deadline will prohibit the UIAB from accepting an appeal.[13]

7.      The UIAB may exercise jurisdiction itself despite an untimely filing.[14] Such cases, however, are unusual and involve severe circumstances.[15] The UIAB

---

[8] R. at 32.
[9] *Id.* at 31.
[10] Claimant's Opening Br. 1 (hereinafter "Claimant's Open. Br.").
[11] R. at 32; UIAB's Answering Br. 2.
[12] 19 *Del. C.* § 3318(c).
[13] *Chrysler Corp. v. Dillion*, 327 A.2d 604, 605 (Del. 1974).
[14] 19 *Del. C.* § 3320.
[15] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991) (holding UIAB did not abuse discretion; mis-delivery of referee's decision to appellant's parents' address, through no fault of the DOL, was not a severe circumstance).

declined to accept Claimant's appeal *sua sponte*.[16]  The UIAB concluded that Claimant's case did not show 1) an administrative error by the DOL or 2) that the interests of justice required action.  The UIAB emphasized its extreme caution in exercising the discretion granted by Section 3320.[17]

8.     The UIAB noted that although Claimant had moved residences after the Referee's Decision was mailed, since the Referee's Decision was mailed to Claimant's address on file with the DOL "*at the time of the mailing*,"[18] it is presumed that the Decision was properly mailed by the DOL and received by Claimant.[19]  The UIAB ruled that the burden was on the Claimant to update his address with the Department.  Claimant did not do so until November 22, 2019.[20]

9.     Claimant filed a *pro se* appeal of the UIAB's decision to this Court on February 18, 2020.  In his brief, Claimant reiterates his argument that the DOL erred by repeatedly informing him he was compliant when, in fact, he was not.  Regarding notice of the Referee's Decision, Claimant says he moved residences and the Referee's Decision "took some time to find me," but immediately appealed when he received the Decision.[21]

---

[16] *Id.*

[17] *Id.*

[18] *Id.* at 32 n. 3 (citing *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *3 (Apr. 30, 2009), *aff'd*, 984 A.2d 124 (Del. 2009) (TABLE)).

[19] *Id.*

[20] *Id.*

[21] Claimant's Open. Br. 1.

10. In response, UIAB requests the Court affirm its decision. UIAB contends that Claimant presents no argument suggesting it abused its discretion in declining to accept his appeal as untimely.

11. The Court's review of UIAB decisions is limited to determining whether its findings and conclusions are "supported by substantial evidence and free from legal error."[22] The substantial evidence standard is satisfied if the UIAB's factual findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23] Upon review, the Court does not weigh evidence, decide questions of credibility, or engage in fact-finding.[24]

12. Where the UIAB has made a discretionary decision, the scope of the Court's inquiry includes examining the UIAB's finding for abuse of discretion, which occurs when the UIAB "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[25] Absent an abuse of discretion, the Court will uphold the decision.[26]

13. Because the Claimant did not present facts showing severe circumstances to warrant the UIAB's acceptance of an untimely appeal, this Court

---

[22] *Stoltz Mgmt. Co. v. Consumer Affs. Bd.*, 616 A.2d 1205, 1208 (Del. 1992).
[23] *Anchor Motor Freight v. Ciabattoni*, 716 A.2d 154, 156 (Del. 1998).
[24] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[25] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000) (citing *K-Mart, Inc. v. Bowles*, 1995 WL 269872, at *2 (Del. Super. Mar. 23, 1995).
[26] *Funk*, 591 A.2d at 225.

will affirm the UIAB's well-supported decision. Although Claimant argues otherwise, there is substantial evidence that his failure to file a timely appeal was not due to administrative error by the DOL. As the UIAB found, Claimant's circumstances were not severe – he simply failed to update his address with the DOL until November 22, 2019, after the Referee's Decision was sent. Therefore, this Court concludes that the UIAB's decision was supported by substantial evidence.

14. For the foregoing reasons, the decision of the UIAB is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

6