**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| KENERINE FRASER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-07-008 CEB |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: October 20, 2023
Decided: January 22, 2024

**<u>ORDER</u>**

*Appeal from a Decision of the*
*Unemployment Insurance Appeal Board.*
**AFFIRMED.**

This 22nd day of January 2024, upon appeal from the Unemployment Insurance Appeal Board ("Board"), the parties' briefs, and the record below, it appears that:

1. Appellant Kenerine Fraser ("Fraser") appeals a decision of the Board.[1] On September 18, 2022, Fraser filed a claim for unemployment insurance benefits with

---

[1] Fraser Notice to Appeal to Superior Ct., R1; *see also* Notice of Appeal, Trans. ID 70518309 (July 31, 2023).

1

the Department of Labor ("DOL").[2]  The Senior Claims Deputy found Fraser ineligible for benefits on November 21, 2022.[3]  Fraser appealed the Senior Claims Deputy's Notice of Determination ("NOD") on December 1, 2022.[4]

2.  On December 21, 2022, a hearing was held before the Appeals Referee ("Referee").[5]  Fraser failed to appear for the hearing and the Referee dismissed Fraser's appeal.[6]  Fraser appealed the Referee's Decision to the Board on February 7, 2023.[7]  On March 1, 2023, the Board remanded the case to the Referee.[8]

3.  On April 5, 2023, a hearing was held before the Referee.[9]  The Referee found Fraser ineligible for the receipt of unemployment benefits and affirmed the decision of the Senior Claims Deputy.[10]  The Referee held that "Claimant does not meet the definition of either an unemployed person or a partially unemployed person."[11]  The Referee's Decision was mailed to Fraser on April 13, 2023.[12]  The Referee's Decision advised Fraser that under 19 *Del. C.* § 3318, she could appeal

---

[2] Referee Appeal Request, R171.
[3] *Id.*
[4] Referee Appeal Request, R170.
[5] Notice of Referee's Decision, Dec. 21, 2022, R167.
[6] *Id.*
[7] Board Appeal Request, R139.
[8] Notice of Board Remand, R137.
[9] Notice of Referee Decision, R82.
[10] *Id.* at 82.
[11] *Id.* at 84.
[12] *Id.* at 82.

the decision within ten days.[13]  Fraser appealed the Referee's Decision to the Board on May 12, 2023, eighteen days after the deadline.[14]

4.  On June 21, 2023, the Board held a Review Hearing and affirmed the Referee's Decision, subsequently denying Fraser's application for further review.[15] The Board found "no evidence of Departmental error that prevented Claimant from filing a timely appeal of the Referee's Decision."[16]  The Board further held that Fraser failed to provide "any evidence of any *severe* circumstances sufficient to justify the exercise of the Board's discretion to hear the appeal in the interests of justice."[17]  Finding no error in the Referee's Decision or evidence of circumstances necessitating the Board to exercise its discretion in the interests of justice, the Board declined to accept Fraser's appeal for further review.[18] Fraser then appealed to the Superior Court.[19]

5.  The Superior Court plays a limited role in reviewing a decision on appeal from the Board.  The Court's review is limited to a determination of whether the

---

[13] *Id.*
[14] Board Appeal Request, R77.
[15] Notice of Board Decision, R72-73.
[16] *Id*. at 73.
[17] *Id*.
[18] *Id.*
[19] Fraser Notice to Appeal to Superior Ct., R1-71; *see also* Notice of Appeal, Trans. ID. 70518309 (July 31, 2023).

3

Board's decision is supported by substantial evidence and free from legal error.[20] "'Substantial evidence' means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] The Court will not address issues of credibility or independently weigh the evidence presented to the Board.[22] Conclusions of law are reviewed *de novo*.[23] Discretionary rulings of the Board are reviewed for abuse of discretion.[24] The Board has abused its discretion only when its decision "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[25]

6. On the relevant dates, 19 *Del. C.* § 3318(c), a claimant had ten days from the date of mailing to appeal a decision of an appeals tribunal.[26] The time frame for

---

[20] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960); *Tsakiris v. J.P. Morgan*, 2017 WL 1532610, at *2 (Del. Super. Apr. 26, 2017); *Arrants v. Home Depot*, 65 A.3d 601, 604-05 (Del. 2013); *Unemployment Ins. Appeal Bd. v Duncan*, 337 A.2d 308, 309 (Del. 1975).

[21] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (*citing Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[22] *Unemployment Ins. Appeal Bd. v. Div. of Unemployment Ins.*, 803 A.2d 931, 937 (Del. 2002) ("Questions of credibility are exclusively within the province of the Board which heard the evidence. As an appellate court, it [is] not within the province of the Superior Court to weigh the evidence, determine questions of credibility or make its own factual findings.").

[23] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).

[24] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991).

[25] *McIntyre v. Unemployment Ins. Appeal Bd.*, 2008 WL 1886342, at *1 (Del. Super. Apr. 29, 2008) *aff'd*, 962 A.2d 917 (Del. 2008) (TABLE) (*quoting Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).

[26] Effective October 1, 2023, 19 *Del. C.* § 3318(c) was amended to give claimants 15 days to file an appeal. *See* Del. H.B. 176, 152d Gen. Assem. § 3318 (2023).

4

appealing a Referee's decision "is an express statutory condition of jurisdiction that is both mandatory and dispositive."[27] Unless the delay is caused by an administrative error, a claimant's failure to meet the statutory deadline will jurisdictionally bar the Board from accepting appellate review.[28]

7. In her brief, Fraser argues that the Board improperly denied her appeal request.[29] Fraser indicates that her appeal was filed on time by an email sent on April 21, 2023.[30] Fraser states that her email "filtered into the appellant's 'OUTBOX' causing non-receipt of the 4/21/23 appeal reply."[31] However, the Board found that Fraser's appeal was not filed until May 12, 2023, therefore making it untimely.[32] The Court must defer to the Board's determination. There is no evidence that Fraser's appeal request was timely filed. Further, there is no evidence to suggest an error or wrongdoing occurred. Accordingly, the Court finds there was substantial evidence that Fraser did not file her appeal to the Board in a timely manner.

8. Pursuant to 19 *Del. C.* § 3320(a), the Board has broad discretion to consider an appeal and may, "on its own motion, affirm, modify, or reverse any decision of

---

[27] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003).
[28] *Chrysler Corp v. Dillon*, 327 A.2d 604, 605 (Del. 1974); *Hartman v. Unemployment Ins. Appeal Bd.*, 2004 WL 772067, at *2 (Del. Super. Apr. 5, 2004).
[29] Fraser's Opening Br.
[30] *Id.* at 5-6.
[31] *Id.* at 6.
[32] Notice of Board Decision, R72-73.

5

an appeal tribunal."[33]  However, in regard to "untimely appeals, such discretion is exercised rarely and primarily in cases of *administrative error* that has the effect of depriving a claimant the opportunity to file a timely appeal."[34]

9.  In this case, the Board declined to exercise its discretion to hear Fraser's appeal on the merits because Fraser failed to provide "any evidence of any *severe* circumstances sufficient to justify the exercise of the Board's discretion to hear the appeal in the interests of justice."[35]

10. The Court finds that the Board's decision to affirm the Referee's decision is supported by substantial evidence and free from legal error.  The Court also finds that the Board did not abuse its discretion when it declined to accept the appeal for review.

Therefore, the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.


**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles. E Butler, Resident Judge

---

[33] 19 *Del. C.* § 3320(a).
[34] *Hefley v. Unemployment Ins. Appeal Bd*., 2010 WL 376898, at *2 (Del. Jan. 26, 2010) (citing *Funk*, 591 A.2d at 225 (emphasis added)).
[35] Notice of Board Decision, R73.