## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| RONALD L. CORBIN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.:  K24A-09-003 RLG |
| | ) | |
| v. | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 10, 2024
Decided:  March 12, 2025

*Upon Appeal from a Decision of the Unemployment
Insurance Appeal Board* – **AFFIRMED.**

## ORDER

Ronald L. Corbin, Sr., *Pro Se Appellant.*

Matthew B. Frawley, Esq.; Department of Justice, Wilmington, Delaware.
*Attorney for Appellee Unemployment Insurance Appeal Board*.

**GREEN-STREETT, J.**

## I.    Introduction

The Unemployment Insurance Appeal Board declined to hear a claimant's appeal of a denial of benefits because the claimant filed that appeal after the statutory deadline.  The claimant now appeals to this Court, asking the Court to compel the Unemployment Insurance Appeal Board to consider the merits of the appeal.  As the Unemployment Insurance Appeal Board acted within its discretion to deny the appeal as untimely, its decision is **AFFIRMED**.

## II.    Factual and Procedural Background

Ronald Corbin sought unemployment benefits after quitting his job because of medical problems.[1]  Leona Vicks, a claims deputy, sent Mr. Corbin a Notice of Determination denying him unemployment benefits because medical experts determined Mr. Corbin qualified as permanently and totally disabled – and therefore was not able to work and available for work.[2]  Ms. Vicks mailed the Notice of Determination to Mr. Corbin's address – 149 Holmes Street, Dover, Delaware – on April 2, 2024.[3]  The Notice of Determination also informed Mr. Corbin that "[t]his determination becomes final on April 17, 2024 unless a written appeal is filed."[4]

---

[1] Notice of Appeal, D.I. 1 (Sept. 18, 2024) (line four reads, "Disabled/force to quit work [sic]").

[2] R. at 32.

[3] Id.

[4] Id.

Mr. Corbin's wife, Dorothy Corbin, has power of attorney to act on his behalf.[5] Ms. Corbin filed a hand-written Notice of Appeal, dated April 26, 2024.[6] The Department of Labor (the "Department") stamped the Notice of Appeal received on May 13, 2024.[7] As the Department did not receive the notice until after the April 17th deadline, the Department referred the matter to an appeals referee solely to consider whether Mr. Corbin could demonstrate good cause for filing an untimely appeal.[8] On June 9, 2024, an appeals referee held a hearing on that limited issue with Ms. Vicks, Ms. Corbin, and Mr. Corbin.[9]

At the hearing, Ms. Vicks testified that she sent the Notice of Determination to Mr. Corbin and his former employer on April 2, 2024.[10] Ms. Vicks testified she understood Mr. Corbin's address to be 149 Holmes Street, Dover, Delaware.[11] Ms. Corbin, acting on Mr. Corbin's behalf, questioned Ms. Vicks about a prior conversation Ms. Corbin had with "the gentleman at the front desk" about Mr.

---

[5] Id. at 43-51.

[6] Id. at 119.

[7] Id.

[8] Id. at 20.

[9] Id. at 55.

[10] Id. at 66.

[11] Id.

Corbin's mail being held at the post office.[12] Ms. Corbin believed the "gentleman at the front desk" informed Ms. Vicks about Mr. Corbin's difficulty receiving mail.[13] Ms. Vicks recalled receiving a doctor's note from Ms. Corbin via "the gentleman at the front desk," but did not recall receiving any information regarding issues with Mr. Corbin's mailing address.[14]

Ms. Corbin testified that Mr. Corbin previously resided at 165 Spruance Road, Dover, Delaware.[15] Ms. Corbin confirmed she notified the Department of the address change – to 149 Holmes Street – in March, and the April 2nd Notice of Determination correctly noted that updated address.[16] Ms. Corbin stated she did not receive the Notice of Determination, and only became aware of the need to file an appeal from speaking to Ms. Vicks on or around April 26, 2024.[17] Ms. Corbin explained she filed the appeal as soon as she became aware the deadline had passed.[18]

---

[12] Id. at 71.

[13] Id.

[14] Id. at 71-73.

[15] Id. at 74.

[16] Id.

[17] Id. at 75-77.

[18] Id. at 77.

As to why Ms. Corbin never received the Notice of Determination, Ms. Corbin testified Ms. Vicks previously informed her that the decision would be arriving by mail.[19] Ms. Corbin believed she never received the Notice of Determination because the post office instituted a hold on Mr. Corbin's mail until it verified his new address.[20] When asked by Ms. Vicks for any correspondence from the post office relating to that mail hold, Ms. Corbin answered that she had an envelope containing keys to a mailbox provided to her by the post office.[21] Ms. Corbin testified that envelope was dated April 11th.[22]

The appeals referee issued her decision on July 9, 2024.[23] The appeals referee concluded that, under 19 Del. C. § 3318(b), Mr. Corbin did not file a timely appeal.[24] The appeals referee explained that the Department complied with the statute by sending the Notice of Determination to Mr. Corbin's last known address.[25] She found that Ms. Corbin failed to present any "evidence of an administrative error by

---

[19] Id. at 80.

[20] Id.

[21] Id. at 84.

[22] Id.

[23] Id. at 20.

[24] Id. at 21.

[25] Id.

the Department in the mailing of the decision and or [sic] any evidence that claimant filed an appeal on or before 4/17/2024." Accordingly, the appeals referee affirmed the decision of the claims deputy to reject Mr. Corbin's request for unemployment benefits.[26]

Mr. Corbin filed a timely appeal to the Unemployment Insurance Appeal Board (the "Board").[27] The Board conducted a review of the hearing before the appeals referee, and concluded that the appeals referee properly denied Mr. Corbin's appeal as untimely.[28] Specifically, the Board found no evidence of "severe circumstances warranting consideration of Claimant's late appeal."[29]

Mr. Corbin filed an appeal of the Board's decision to this Court on September 17, 2024.[30] He listed the grounds for appeal as: (1) "totally disagree with the decision;" (2) "never received a penny;" (3) "not fairly [sic];" and (4) "disabled/force to quit work [sic]."[31] On November 3, 2024, Ms. Corbin filed an Opening Brief on Mr. Corbin's behalf.[32] The Opening Brief did not raise any additional issues for this

---

[26] Id. at 22.

[27] Id. at 6.

[28] Id. at 7.

[29] Id.

[30] D.I. 1.

[31] Id.

[32] D.I. 6 (Nov. 4, 2024).

6

Court's consideration.[33]   The Board filed its Answering Brief on November 22, 2024.[34]   Ms. Corbin submitted a Reply Brief on December 5, 2024, stating "there was an issue with the mail carrier/post office.  It was not my fault for the mail issue.  If you check the stamp date on the envelope, you will see the date that it was dropped off to the post office."[35]   The Court received the complete appeal file on December 10, 2024.[36]

## III.   **Standard of Review**

This Court's review of the Board's decision "is limited to a determination of whether there was substantial evidence sufficient to support the findings of the Board."[37]   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[38]   This Court "does not

---

[33] Id.

[34] D.I. 9 (Nov. 22, 2024).

[35] D.I. 10 (Dec. 5, 2024).

[36] D.I. 13 (Dec. 10, 2024).

[37] Crews v. Sears Roebuck & Co., 2011 WL 2083880, at *2 (Del. Super. May 11, 2011) (internal quotations omitted) (quoting Unemployment Ins. Appeals Bd. V. Duncan, 337 A.2d 308, 309 (Del. 1975)).

[38] Lorah v. Home Helpers, Inc., 21 A.3d 596, 2011 WL 2112739, at *2 (Del. May 26, 2011) (TABLE) (citing Oceanport Indus., Inc. v. Wilmington Stevedores, Inc., 636 A.2d 892, 899 (Del. 1994)); see also Lively v. Dover Wipes Co., 2003 WL 21213415, at *1 (Del. Super. May 16, 2023) (quoting Onley v. Cooch, 425 A.2d 610, 614 (Del. 1981) (defining "substantial evidence" as "more than a scintilla but less than a preponderance[.]")).

independently weigh the evidence, determine questions of credibility[,] or make its own factual findings."[39] This Court's analysis focuses on whether "the evidence is legally adequate to support the [Board's] factual findings and whether errors of law exist."[40]

## IV.  Analysis

As a threshold matter, the Court declines to reject Ms. Corbin's filings on Mr. Corbin's behalf.  Although "power of attorney does not permit an unlicensed non-party to bring claims on behalf of another" or "substitute for a license to practice law,"[41] the Board took "no position regarding her standing to file this appeal."[42]  As the Board noted, Ms. Corbin has heavily participated in Mr. Corbin's appeal at every step of the process.[43]  Therefore, the Court will consider Ms. Corbin's filings as part of Mr. Corbin's appeal, as no objection to that participation has been lodged.

---

[39] Lorah, 2011 WL 2112739, at *2 (citing Johnson v. Chrysler Corp., 213 A.2d 64, 66 (Del. 1965)).

[40] Molinaro v. Unemployment Ins. Appeal Bd., 2004 WL 2828048, at *1 (Del. Super. May 14, 2004) (citing 19 Del. C. § 3323).

[41] See Baldwin v. New Castle Cnty., 2021 WL 4192292, at *7 (Del. Super. Sept. 14, 2021).

[42] Answering Br. at 3.

[43] Id.

**A. The Board correctly found Mr. Corbin's appeal was statutorily untimely**

19 Del. C. § 3318(b) requires any appeal of a claims deputy's determination to be filed "within 15 calendar days after such Claims Deputy's determination was mailed to the claimant's and last employer's last known address." If a claimant fails to file an appeal within that time frame, "the Claims Deputy's determination shall be final and benefits shall be paid or denied in accordance therewith."[44] If the Board's finding that Mr. Corbin failed to file his appeal in a timely fashion is supported by substantial evidence, that finding must be affirmed.

The claims deputy, Ms. Vicks, mailed the Notice of Determination on April 2, 2024. The Notice of Determination outlined that any appeal of that decision needed to be filed by April 17, 2024. That deadline conforms with the requirement that any appeal be filed within 15 calendar days, as prescribed by 19 Del. C. § 3318(b). Mr. Corbin does not dispute that he failed to file his appeal by April 17th.[45] Thus, the Board correctly determined that Mr. Corbin's appeal failed to comply with the statutory requirement of timeliness, and is supported by substantial evidence in the record.

---

[44] 19 Del. C. § 3318(b).

[45] Ms. Corbin contends she filed the appeal on Mr. Corbin's behalf by April 26th. The Department marked the appeal received on May 16th. As both dates are beyond the April 17th deadline, the Court does not find it necessary to determine which date should apply.

**B.** **The Board did not abuse its discretion in declining to consider Mr. Corbin's appeal**

Statutory limits, such as the one outlined by 19 <u>Del</u>. <u>C</u>. § 3318(b), are "jurisdictional in nature and failure to comply with [that] statutory requirement will prohibit the Board from accepting an appeal."[46]  "The Board, in the discretion granted it by 19 <u>Del</u>. <u>C</u>. § 3320 does have authority to act *sua sponte*" to consider an untimely appeal.[47]  Such a decision by the Board requires the presence of "severe circumstances," "typically [requiring] a showing of administrative error or [a finding] that the interests of justice require the Board to take action."  "When reviewing whether the Board should have used its authority to [accept] an untimely appeal, the Court must consider whether the Board abused its discretion."[48]

Mr. Corbin did not present any evidence of any administrative failures on the part of the Department.  The singular reason Mr. Corbin provided for filing his untimely appeal stemmed from an alleged issue with the post office holding his mail. The sole verification of that allegation – an envelope with keys to a mailbox, dated April 11th, offered by Ms. Corbin – holds no evidentiary significance.[49]  Given that

---

[46] <u>Berry v. Mayor & Council of Middletown</u>, 2021 WL 839081, at *2 (Del. Super. Mar. 4, 2021) (citing <u>Chrysler Corp. v. Dillon</u>, 327 A.2d 604, 605 (Del. 1974)).

[47] <u>Funk v. Unemployment Ins. Appeal Bd.</u>, 591 A.2d 222, 225 (Del. 1991).

[48] <u>See</u> <u>Berry</u>, 2021 WL 839081, at *2 (Del. Super. Mar. 4, 2021) (citing <u>Funk</u>, 591 A.2d at 225-26 (Del. 1991)).

[49] R. at 84.

10

nothing in the record suggests any administrative error by the Department, the Board did not abuse its discretion in finding that no "severe circumstances" existed to warrant considering the untimely appeal.

Further, Mr. Corbin has failed to show that the interests of justice required the Board to consider the appeal. Mr. Corbin's notice of appeal states "disabled/force to quit work [sic]."[50] 19 Del. C. § 3314(1) provides that, "if an individual has left work involuntarily because of illness, no disqualification shall prevail *after* the individual becomes able to work and available for work and meets all other requirements under this title."[51] By Mr. Corbin's own admission, he cannot work due to disability.[52] Likely, the Board would have denied Mr. Corbin's request for benefits for the reasons articulated by the claims deputy – he does not qualify as "able to work and available for work." Ms. Corbin's filings on Mr. Corbin's behalf do not indicate Mr. Corbin's disabled status has changed. Accordingly, the interests of justice did not require the Board *sua sponte* to override the statutory requirement of timeliness to consider Mr. Corbin's appeal on its merits.

---

[50] D.I. 1.

[51] 19 Del. C. § 3314(1) (emphasis added).

[52] D.I. 1.

## V.    Conclusion

Mr. Corbin failed to file his appeal of the claims deputy's decision within the statutorily mandated 15-day window.  The Board did not abuse its discretion in declining to permit Mr. Corbin to file an untimely appeal for its consideration. Accordingly, Mr. Corbin's appeal is **DENIED**, and the decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge