# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRACY SCULL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N22A-11-007 JRJ |
| | ) | |
| STATE OF DELAWARE | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Date Submitted: March 3, 2023
Date Decided: May 9, 2023

## <u>ORDER</u>

This 9th day of May, upon appeal from the Unemployment Insurance Appeal Board ("Board"), the parties' briefs, and the record below, **IT APPEARS THAT:**

(1)     Appellant Tracy Scull ("Scull") appeals from a decision by the Board.[1] On April 10, 2022, Scull filed a claim for unemployment insurance benefits with the Department of Labor ("Department" or "DOL").[2]  The Claims Deputy found Scull ineligible because she was not "unemployed"[3] as defined under 19 *Del. C.* §

---

[1] Scull Notice of Appeal, R70; *see also* Scull Opening Br., Trans. ID 69060525.
[2] Notice of Determination, R1. Trans. ID 68855728.
[3] Under 19 *Del. C.* § 3302(17):
   [A]n individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly

3302(17).[4] The Claims Deputy mailed the Notice of Determination ("NOD") to Scull on July 1, 2022.[5] The NOD advised Scull that, under 19 *Del. C.* § 3318(b), she could appeal the Claims Deputy's decision within ten days but no later than July 11, 2022.[6] Scull filed an appeal on July 20, 2022.[7]

(2) On July 22, 2022, the Senior Claims Deputy issued a Notice of Late Determination advising Scull that her appeal was untimely under 19 *Del. C.* § 3318(b).[8] The Notice of Late Determination stated that the Claims Deputy's July 1, 2022 decision "is final and binding due to the claimants [sic] failure to file a timely appeal;"[9] thus, Scull's right of appeal was limited to the issue of timeliness.[10]

(3) On August 30, 2022, Scull appeared before the Appeals Referee ("Referee").[11] The Referee found "no administrative error on [the] part of the Department" and affirmed the Claims Deputy's decision because Scull's appeal was

---

benefit amount. The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-time work as the Department deems necessary.

[4] Notice of Determination, R1.
[5] *Id.*
[6] On the last page of the Claims Deputy's Notice of Determination, there is a section titled "Claimant and Employer Appeal Rights." In that section, in bold, it says "This determination becomes final on 7/11/2022 unless a written appeal is filed." *See also* 19 *Del. C.* § 3318(b).
[7] Scull Claims Deputy Appeal, R8-15.
[8] Notice of Late Determination, R4.
[9] *Id.*
[10] *Id.*
[11] Notice of Hr'g, R16; *see also* Hr'g Tr. R18-48.

untimely under 19 *Del. C.* § 3318(b).[12]  Scull appealed the Referee's decision to the Board.[13]

(4)     The Board held a Review Hearing on the Referee's decision to affirm the Claims Deputy's decision.  On November 4, 2022, it affirmed the Referee's decision and denied Scull's application for further review. [14]  The Board held that the Referee properly affirmed the Claims Deputy's decision because Scull "failed to file a timely appeal within the jurisdictional timeframe set by 19 *Del. C.* § 3318(b)."[15]  The Board, finding "no error in the Referee's decision[n]or a failure of due process" declined to exercise its jurisdiction to accept Scull's appeal for further review.[16]  Scull then appealed the Board's decision to the Superior Court.[17]

(5)     The Superior Court plays a limited role when reviewing a decision on appeal from the Board.  "The position of the [Court] on appeal is to determine only whether or not there was substantial evidence to support the findings of the Board."[18] Conclusions of law are reviewed *de novo*.[19]  The Court will review the Board's discretionary rulings for abuse of discretion,[20] only disturbing its decisions where

---

[12] Board Decision, R66; *see also* Notice of Referee Decision, R49-52.
[13] Scull Notice of Appeal to Board, R64.
[14] Board Decision, R65-67.
[15] *Id.* at 66.
[16] *Id.*
[17] Scull Notice of Appeal to Superior Ct., R70.
[18] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).
[19] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).
[20] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[21]

(6) Pursuant to 19 *Del. C.* § 3318(b), a claimant has ten days from the date of mailing to appeal a decision of a Claims Deputy. "The time for filing an appeal is an express statutory condition of jurisdiction that is both mandatory and dispositive."[22] Where the delay is not caused by an administrative error on the part of the Department, the decision of the Claims Deputy becomes final, and 19 *Del. C.* § 3318(b) creates a jurisdictional bar to further appellate review.[23]

(7) Scull concedes that her appeal was filed late but argues that it only happened because she received the NOD late. Under Delaware law, notice that is "correctly addressed, stamped and mailed is presumed to have been received by the party to whom it was addressed."[24] The NOD was mailed to Scull at her address of record with the DOL. Scull has not provided any evidence to suggest an error or wrongdoing on the part of the DOL.

(8) Under 19 *Del. C.* § 3320(a), the Board has broad discretion to consider an appeal and may, "on its own motion, affirm, modify, or reverse any decision of

---

[21] *Oceanport Indus.*, 636 A.2d at 899 (citing *Olney*, 425 A.2d at 614).
[22] *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003)
[23] *Hartman v. Unemployment Ins. Appeal Bd.*, 2004 WL 772067, at *2 (Del. Super. Apr. 5, 2004).
[24] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

an appeal tribunal;"[25] however, in the context of "untimely appeals, such discretion is exercised rarely and primarily in cases of administrative error that has the effect of depriving a claimant the opportunity to file a timely appeal."[26]

(9)    Here, the Board declined to exercise its discretion to hear Scull's appeal[27] because Scull failed to provide "any evidence of *severe* circumstances preventing Claimant from filing her request to appeal the Claims Deputy Determination before the statutory deadline."[28]

(10)   The Court finds that the Board's decision to affirm the Referee's decision is supported by substantial evidence and is free from legal error.  Further, the Board did not abuse its discretion when it declined to accept the appeal for review.

**NOW, THEREFORE IT IS HEREBY ORDERED** that the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Jan R. Jurden<br>
Jan R. Jurden, President Judge

cc:  Prothonotary

---

[25] 19 Del. C. § 3320(a).
[26] *Hefley v. Unemployment Ins. Appeal Bd.*, 988 A.2d 937, 2010 WL 376898, at *1 (Del. Jan. 26, 2010) (TABLE) (citing *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991)).
[27] Board Decision, R66.
[28] *Id.* (emphasis in original).