# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONEISHA FLOWERS, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N23A-06-006 MMJ |
| | ) | |
| DELAWARE DEPARTMENT OF LABOR | ) | |
| and UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Employer-Appellees. | ) | |

Submitted: November 3, 2023
Decided:  December 14, 2023

On Appeal from a Decision of the
Unemployment Insurance Appeal Board
**AFFIRMED**

## **ORDER**

**Johnston, J.**

1. Claimant Doneisha Flowers was employed as an Investigator II by the Delaware Department of Labor ("Employer"). Claimant was terminated from her position effective September 9, 2022. Employer informed Claimant that the termination was for violations of Department of Labor's Code of Conduct and Department of Human Resources Standards of Conduct.

2. Employer listed 9 disciplinary actions between December 6, 2021 and September 1, 2022. Employer characterized these actions as "multiple concerns regarding [Claimant's] professionalism and negative interactions with various DOL employees and members of management. In each instance, it was indicated that [Claimant] behaved in an unprofessional and combative manner."

3. A Notice of Determination was issued on September 23, 2022. The Department of Labor Division of Unemployment Insurance Claims Deputy determined that Claimant was disqualified for unemployment benefits. The Claims Deputy based the determination on a finding that Claimant had been discharged from work for just cause. Claimant appealed this determination.

4. A hearing was held before an Appeals Referee on October 17, 2022. The Referee affirmed the decision of the Claims Deputy. By decision mailed October 18, 2022, the Referee found: "Claimant's action[] over a multiple month period, despite repeated attempts to warn Claimant of her improper and unacceptable behavior and give Claimant corrective feedback falls within the definition of

2

insubordination. Claimant's excuse that it was everybody else causing the issues is without credibility....Employer has established by preponderance of evidence that Claimant was discharged from her employment with just cause in connection with the scope of her employment." Claimant appealed this decision.

5.    A hearing was held before the Unemployment Insurance Appeal Board ("UIAB") on January 1l, 2023. The matter was remanded to the Appeals Referee for consideration of new information offered by Claimant.

6.    The Appeals Referee conducted a hearing on remand on January 31, 2023. The hearing was continued for the purpose of Employer producing a witness Claimant wished to question. The hearing continued on February 14, 2023. Claimant's position was that Employer's opinion that she was disrespectful was subjective, and that disrespectful conduct is undefined. Claimant argued that she was never condescending and that Employer's warnings were a pretext to harass and bully her out of her position. Employer countered that Claimant repeatedly failed to change her conduct, despite repeated coaching.

7.    By decision mailed March 13, 2023, The Referee considered the additional evidence and made supplemental findings of fact. The Referee found that there was no evidence of biased or pretextual conduct by Employer. The Referee again affirmed the decision of the Claims Deputy, which disqualified Claimant from receiving unemployment insurance benefits. Claimant appealed this decision.

8.     A hearing was held before the UIAB on April 12, 2023.  By decision mailed June 9, 2023, the UIAB found that Employer had presented sufficient evidence to show that there was just cause to terminate Claimant.

> There is conflicting testimony between Employer's version of events and Claimant's version of events. Employer asserts that Claimant was repeatedly warned for unprofessional behavior with coworkers and continued her unprofessional behavior which resulted in her termination. Claimant disagrees with Employer's characterization of her actions and argues that she was not disrespectful. Claimant also disputes that she was warned about her behavior by Employer.  The Board finds Claimant's testimony to be not credible because it was inconsistent with the record.[1] The credible evidence shows that Claimant was repeatedly warned that her unprofessional behavior and negative interactions with coworkers was unacceptable.[2]  Specifically, the record shows that Claimant highlighted or put screenshots into emails which Employer asked Claimant not to do.[3]  Claimant would not answer parties' questions in emails but instead forward them to other employees.[4]  Employer also instructed Claimant to respond in Service Now instead of through email in Outlook.[5]  Employer also warned Claimant about her tone in her emails to coworkers.[6]  In sum, the Board finds that Claimant was warned that continued unprofessional behavior could lead to disciplinary action. The Board finds the Claimant continued the unacceptable behavior which resulted in her termination.

---

[1] *Cassidy v. Liberty Staffing,* 2011 WL 7452778, at *1 (Del. Super. Oct. 25, 2011)("The function of the UIAB is to resolve conflicts in testimony and evaluate witness credibility").
[2] Referee's Hearing --- Employer Ex. 1, Claimant Ex. 4, p.2., Claimant Exs. 12, 13, 14, 16, 19, 20, 23, 25, and 26.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

4

> Claimant continually responded in a defensive or condescending manner to her coworkers and superiors despite repeated warnings from Employer. Claimant's explanation for her behavior was that she did nothing wrong and it was everyone else. The Board does not find that explanation credible nor persuasive.[7]

The UIAB affirmed the Referee's decision. Claimant appealed the UIAB's decision to this Court.

9.     When reviewing a decision on appeal from the UIAB, the Superior Court plays a limited role. The Court determines whether the UIAB had substantial evidence to support findings.[8] Conclusions of law are reviewed *de novo*.[9] The Court will review the Board's discretionary rulings on an abuse of discretion standard,[10] only disturbing its decisions where the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[11]

10.     Claimant's Opening Brief and Reply present in detail essentially the same evidence and arguments made throughout the proceedings leading to the

---

[7] The Board notes that Claimant initially argued at the first Referee hearing that there is nepotism at Employer. Claimant appears to have abandoned that argument before the Board. Regardless, based on the record before it, the Board does not find sufficient evidence to show that Claimant was treated differently based on any allegations.

[8] *Gen. Motors Corp. v. Freeman,* 164 A.2d 686, 689 (Del. 1960).

[9] *LeVan v. Indep. Mall, Inc.,* 940 A.2d 929, 932 (Del. 2007).

[10] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991).

[11] *Hartman v. Unemployment Ins. Appeal Bd.,* 2004 WL 772607, at *2 (Del. Super.).

Superior Court appeal. The Court has reviewed the record below and Claimant's submissions. The Court also has considered the Answering Brief of Employer.

11. The Court finds that the decision of the UIAB stated the relevant law and outlined the record evidence. Claimant's allegations - of procedural obstruction and bias on the part if the UIAB - are without merit. The UIAB had substantial evidence to support its findings, did not act arbitrarily or capriciously, did not exceed the bounds of reason in view of the circumstances, and did not ignore recognized rules of law or practice so as to produce injustice.

**THEREFORE,** the decision of the Unemployment Insurance Appeal Board - that Claimant was discharged from employment for just cause in connection with her work, and thus disqualified from receiving unemployment benefits - is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston